**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of __Delaware__
                    (State)

Case number *(If known)*: _____   Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy                04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Nuverra Environmental Solutions, Inc. |
| **2.** | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | Heckmann Corporation <br> Rough Rider Escrow, Inc. |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 26-0287117 |

**4. Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 14624 N. Scottsdale Road | |
| Number        Street | Number        Street |
| Suite 300 | |
| Scottsdale        AZ        85254 | |
| City        State        ZIP Code | City        State        ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Maricopa | |
| County | Number        Street |
| | |
| | City        State        ZIP Code |

**5. Debtor's website** (URL)    www.nuverra.com

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

---

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page 1
01:19313005.1

Debtor  Nuverra Environmental Solutions, Inc.                                  Case number *(if known)*
        Name

**7.  Describe debtor's business**

A.  *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

Activities Related to Real Estate

B.  *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

2131

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11.  *Check all that apply:*

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 on a consolidated basis (amount subject to adjustment on 4/01/19 and every 3 years after that).
  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  ☒ A plan is being filed with this petition.
  ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No
☐ Yes.  District _____  When _____  Case number _____
                                      MM / DD / YYY

If more than 2 cases, attach a separate list.

District _____  When _____  Case number _____
                            MM / DD / YYY

Debtor   Nuverra Environmental Solutions, Inc. _____   Case number *(if known)* _____
        Name

| | | |
|---|---|---|
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** <br><br> List all cases. If more than 1, attach a separate list. | ☐ No <br> ☒ Yes.  Debtor  See attached Schedule 1    Relationship _____ <br><br> District _____    When _____ MM / DD / YYY <br><br> Case number, if known _____ |
| **11.** | **Why is the case filed in *this district*?** | *Check all that apply:* <br><br> ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. <br><br> ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12.** | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No <br> ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed. <br><br> **Why does the property need immediate attention?** *(Check all that apply.)* <br><br> ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety. <br>     What is the hazard? _____ <br> ☐ It needs to be physically secured or protected from the weather. <br> ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options). <br> ☐ Other _____ <br><br> **Where is the property?** _____ <br>     Number   Street <br> _____ <br> _____    _____  _____ <br>     City                              State    ZIP Code <br><br> **Is the property insured?** <br> ☐ No. <br> ☐ Yes.  Insurance agency _____ <br><br>     Contact name _____ <br><br>     Phone _____ |

Debtor  Nuverra Environmental Solutions, Inc.          Case number *(if known)*
        Name

## Statistical and administrative information

**13.  Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14.  Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15.  Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

**16.  Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17.  Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   0́ ΒϨF/2017
              MM / DD / YYYY

x  */s/ Joseph M. Crabb*                              Joseph M. Crabb
   Signature of authorized representative of debtor   Printed name

   Title  Executive Vice President, Chief Legal Officer, & Corporate Secretary

Debtor   Nuverra Environmental Solutions, Inc.                                   Case number *(if known)*
         Name

| | | | | |
|---|---|---|---|---|
| **18.** | **Signature of attorney** | x  */s/ Pauline K. Morgan*  <br>Signature of attorney for debtor | Date | 0Í ĐEF/2017  <br>MM / DD / YYYY |

Pauline K. Morgan
Printed Name

Young Conaway Stargatt & Taylor, LLP
Firm name

1000 North King Street
Number        Street

Wilmington                                         DE              19801
City                                               State           Zip Code

(302) 571 - 6600                                   pmorgan@ycst.com
Contact phone                                      Email address

3650                                               DE
Bar number                                         State

## SCHEDULE 1 TO VOLUNTARY PETITION

<u>Pending Bankruptcy Cases Filed by Affiliated Entities</u>

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a petition with the Court for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of these petitions, these entities have filed a motion requesting that the Court jointly administer their chapter 11 cases for administrative purposes only.

1. Nuverra Environmental Solutions, Inc.
2. Appalachian Water Services, LLC
3. Badlands Leasing, LLC
4. Badlands Power Fuels, LLC (DE)
5. Badlands Power Fuels, LLC (ND)
6. Heckmann Water Resources Corporation
7. Heckmann Water Resources (CVR), Inc.
8. Heckmann Woods Cross, LLC
9. HEK Water Solutions, LLC
10. Ideal Oilfield Disposal, LLC
11. Landtech Enterprises, L.L.C.
12. NES Water Solutions, LLC
13. Nuverra Total Solutions, LLC
14. 1960 Well Services, LLC

```
-------------------------------------------------------------------------x
                                                :
                                                :
In re:                                          :   Chapter 11
                                                :
Nuverra Environmental Solutions, Inc., et al.,[1] :   Case No. 17– (____)
                                                :
             Debtors.                           :   (Joint Administration Requested)
                                                :
                                                :
-------------------------------------------------------------------------x
```

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is <u>001-33816</u>.

2. The following financial data is the latest available information and refers to the debtor's condition as of the dates noted below.

   a. Total assets (as of March 31, 2017)                $342,604,000

   b. Total debts  (as of March 31, 2017,
      including debts listed in 2.c., below)             $534,521,000

   c. Debt securities held by more than 500 holders

|  |  |  | $ | Approximate number of holders:[2] |
|---|---|---|---|---|
| secured ☒ | unsecured ☐ | subordinated ☐ | $ 363,607,293 | 38 |
| secured ☐ | unsecured ☒ | subordinated ☐ | $ 42,266,150 | 44 |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ |  |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ |  |

   d. number of shares of preferred stock                                    N/A
   e. number of shares of common stock (as of March 31, 2017)                150,940,973

   Comments, if any: _____

---

[1] The Debtors in these proceedings (including the last four digits of their respective taxpayer identification numbers) are: Nuverra Environmental Solutions, Inc. (7117), Appalachian Water Services, LLC (0729), Badlands Leasing, LLC (2638), Badlands Power Fuels, LLC (DE) (8703), Badlands Power Fuels, LLC (ND) (1810), Heckmann Water Resources Corporation (1194), Heckmann Water Resources (CVR), Inc. (1795), Heckmann Woods Cross, LLC (9761), HEK Water Solutions, LLC (8233), Ideal Oilfield Disposal, LLC (5796), Landtech Enterprises, L.L.C. (9022), NES Water Solutions, LLC (3421), Nuverra Total Solutions, LLC (6218), and 1960 Well Services, LLC (5084). The Debtors' corporate headquarters is located at 14624 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85254.

[2] The Debtors have listed the approximate number of record holders. To the best of the Debtors' knowledge and belief based on third party information, as of the Petition Date, the Debtors do not have any debt securities held by more than 500 record holders; however, the Debtors have included such debt securities as they may be held by more than 500 beneficial holders.

Official Form 201A (12/15)

3. Brief description of debtor's business: Nuverra Environmental Solutions, Inc. provides services such as delivery, collection, treatment, recycling, and disposal of waste byproducts to customers focused on the development and ongoing production of oil and natural gas from shale formations.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

To the best of the Debtors' knowledge and belief based on third party information, as of March 15, 2017, no person or entity other than those entities set forth in the chart below directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of the Debtor.

| **Shareholder** | **Shares Held** | **Percent of Common Shares Outstanding** |
|---|---|---|
| Mark D. Johnsrud | 128,837,914 | 85.36% |
| Ascribe Capital LLC<br>Ascribe III Investments LLC<br>America Securities LLC | 12,312,281[3] | 8.16% |
| Gates Capital Management, L.P.<br>Gates Capital Management GP, LLC<br>Gates Capital Management, Inc.<br>Jeffrey L. Gates | 11,496,167[2] | 7.62% |

---

[3] Reflects certain shares of common stock the beneficial owner has the right to acquire upon exercise of warrants of which it is the record owner.

Official Form 201A         Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

2

01:19337143.7

## **SECRETARIAL CERTIFICATE**

The undersigned, being the secretary of Nuverra Environmental Solutions, Inc., a Delaware corporation (the "**Company**"), hereby certifies as follows:

1. I am the duly qualified and elected secretary of the Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of the Company.
2. Attached hereto is a true and complete copy of the resolutions of the board of directors (the "**Board**") of the Company, duly adopted at a properly convened meeting of the Board on April 30, 2017, by unanimous vote of the directors of the Company.
3. Such resolutions have not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof. There exist no other subsequent resolutions of the Board of the Company relating to the matters set forth in the resolution attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of this 30th day of April 2017.

*/s/ Joseph M. Crabb*
Joseph M. Crabb
Secretary

**WHEREAS**, the Board of Directors of Nuverra Environmental Solutions, Inc., a Delaware corporation (the "**Company**"), has had the opportunity to consult with management and the advisors of the Company and consider fully the strategic alternatives available to the Company and the liabilities and liquidity situation of the Company, and has determined that it is desirable and in the best interests of the Company and its creditors, and other interested parties that a petition be filed by the Company, seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

**Chapter 11 Case**

**NOW, THEREFORE, BE IT RESOLVED**, that the Company be, and hereby is, authorized and empowered to file a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the case commenced as a result of such voluntary petition, and the cases to be commenced by certain of the Company's affiliates, collectively, the "**Chapter 11 Cases**") in a court of proper jurisdiction (the "**Bankruptcy Court**"); and

**RESOLVED FURTHER**, that any officer of the Company (each, an "**Authorized Officer**" and collectively, the "**Authorized Officers**") be, and each of them individually hereby is, authorized, in the name and on behalf of the Company, appointed as the Company's authorized representatives, and in such capacity, acting alone or together, with power of delegation, be, and they hereby are, authorized and empowered to execute and file on behalf of the Company, including in the Company's capacity as shareholder or member of its subsidiaries, all petitions, schedules, lists, applications, pleadings and other motions, papers, agreements, consents or documents, and to take any and all action that they deem necessary or proper to obtain such relief under the Bankruptcy Code, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's businesses.

**Retention of Professionals**

**RESOLVED FURTHER**, that each Authorized Officer be, and they hereby are, authorized and directed to employ the law firm of Shearman & Sterling LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Shearman & Sterling LLP.

**RESOLVED FURTHER**, that each Authorized Officer be, and they hereby are, authorized and directed to employ the law firm of Young Conaway Stargatt & Taylor, LLP as local bankruptcy co-counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway Stargatt & Taylor, LLP.

**RESOLVED FURTHER** that each Authorized Officer be, and they hereby are, authorized and directed to employ the firm of AP Services, LLC to provide the Company with a Chief Restructuring Officer, who shall be Robert D. Albergotti, along with additional personnel, as restructuring advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers (other than the Chief Restructuring Officer), with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of AP Services, LLC.

**RESOLVED FURTHER** that each Authorized Officer be, and they hereby are, authorized and directed to employ the firm of Prime Clerk LLC as notice and claims agent and administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk LLC.

**RESOLVED FURTHER** that each Authorized Officer be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary.

**RESOLVED FURTHER** that each Authorized Officer be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper or desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of such cases.

**DIP Financing**

**RESOLVED FURTHER**, that, in connection with the commencement of the Chapter 11 Cases, each of the Authorized Officers, is authorized and directed, to the extent necessary, to obtain and/or guarantee postpetition financing and/or use of cash collateral according to the terms negotiated, or to be negotiated, by, or on behalf of, the Company or otherwise approved by the Bankruptcy Court; and the Company is hereby authorized and directed to take all actions necessary in connection therewith, including, without limitation (i) the use of cash collateral and the incurrence of debtor in possession financing in such amounts and on such terms as the Authorized Officers deem necessary or advisable (collectively, the "**DIP Financing**"), (ii) the execution and delivery of any documents to evidence the DIP Financing, including, without limitation, all term sheets, credit agreements, and notes, (iii) the incurrence and payment of fees,

(iv) the execution and delivery of real property and personal property (including intellectual property) security agreements (and amendments, supplements, and/or modifications thereto, as appropriate), (v) the granting of liens on and/or security interests in any and all assets of the Company, (vi) the authorization of filing and/or recording, as applicable, of financing statements, agreements, mortgages, or any other documents evidencing and/or perfecting such liens or security interests and amendments to such financing statements, agreements, mortgages or other documents, and (vii) the execution and delivery of deposit, securities and/or other account control agreements (and amendments, supplements and/or other modifications thereto, as appropriate), and the Authorized Officers are hereby authorized and directed to execute any appropriate agreements and related ancillary documents on behalf of the Company in connection with the foregoing.

**General**

**RESOLVED FURTHER**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

**RESOLVED FURTHER**, that all members of the Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

**RESOLVED FURTHER**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution by the Board of Directors.

**Fill in this information to identify the case:**

Debtor Name: Nuverra Environmental Solutions, Inc. *et. al.*

United States Bankruptcy Court for the District of Delaware

Case Number (if known) _____

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims on a Consolidated Basis and Are Not Insiders      12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | The Bank of New York Mellon Trust Company, N.A. 525 William Penn Place, 38th Floor Pittsburgh, PA 15259 | Attn: Corporate Trust Administration Tel: 412-234-5000 Fax: 412-234-7535 | 2018 Unsecured Notes | | | | $42,599,000 |
| 2 | 9Z'S LLC c/o Dorsey & Whitney LLP 50 South Sixth Street, Suite 1500 Minneapolis, MN 55402-1498 | Attn: Robert Cattanach Tel: 612-340-2873 Fax: 612-340-8800 Email: cattanach.robert@dorsey.com | Long-term Contingent Consideration | Disputed | | | $8,500,000 |
| 3 | Chax Holdings, LLC c/o Dorsey & Whitney LLP 50 South Sixth Street, Suite 1500 Minneapolis, MN 55402-1498 | Attn: Robert Cattanach Tel: 612-340-2873 Fax: 612-340-8800 Email: cattanach.robert@dorsey.com | Long-term Contingent Consideration | Disputed | | | $8,500,000 |
| 4 | S & D Holdings, LLC c/o Pepper Hamilton, LLP 500 Grant Street, Suite 5000 Pittsburgh, PA 15219  With a copy to: Watson Mundorff Brooks & Sepic, LLP 720 Vanderbilt Road Connellsville, PA 15425 Attn: Charles W Watson, *et al*. | Attn: Ralph A Finizio Tel: 412-454-5863 Fax: 412-281-0717 Email: finizior@pepperlaw.com | Note Payable | | | | $4,014,200 |
| 5 | Keystone Chemical LLC 1019 Albertson Parkway BROUSSARD, LA 70518 | Attn: President or General Counsel Tel: 337-837-8127 Fax: 337-837-8760 Email: jacob.cross79@yahoo.com | Trade Payable | | | | $610,300 |
| 6 | Wallwork Truck Center PO Box 1819 Fargo, ND 58107 | Attn: Bill Wallwork III, Chief Executive Officer Tel: 701-476-7104 Fax: 701-774-3009 Email: wtccredit@wallworktrucks.com | Trade Payable | | | | $298,700 |

01:19313005.1

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | Twin Falls Oil Service LLC PO Box 720 KILLDEER, ND 58640 | Attn: Jeffery Jacobson, Owner/Manager Tel: 701-690-9229 Fax: 701-927-0124 Email: jeff@twinfallsoilservice.com | Trade Payable | | | | $249,500 |
| 8 | United Quality Cooperative PO Box 340 NEW TOWN, ND 58763 | Attn: Cameron Erickson, President and Chief Executive Officer Tel: 701-627-3636 Fax: 701-627-3798 Email: uqc@uqcoop.com; CameronE@uqcoop.com | Trade Payable | | | | $200,800 |
| 9 | Groundmetrics Inc 3954 Murphy Canyon Rd. Suite D207 San Diego, CA 92123 | Attn: George Eiskamp, CEO & Director Tel: 619-786-8023 Email: info@groundmetrics.com | Trade Payable | | | | $190,000 |
| 10 | JH Trucking LLC PO Box 6109 WILLISTON, ND 58802 | Attn: Josiah A. Ray Tel: 701-651-4652 Fax: 701-425-0171 Email: JOSIAHARAY@GMAIL.COM | Trade Payable | | | | $182,300 |
| 11 | 701 Water LLC 4965 2nd St SW Suite C DICKINSON, ND 58601 | Attn: President or General Counsel Tel: 701-260-1077 Email: mike@701water.com | Trade Payable | | | | $151,000 |
| 12 | Williams Oil & Propane 44 Reuter Blvd TOWANDA, PA 18848-2153 | Attn: Randy B Williams, President Tel: 570-265-6673 Fax: 570-662-3302 Email: FMAYNARD@WOCENERGY.COM | Trade Payable | | | | $142,400 |
| 13 | Tom & Teds Trucking Inc 812 Southwest Ave DICKINSON, ND 58601 | Attn: Thomas D Kjenstad, Owner Tel: 701-690-0298 Email: tomandtedstrucking@yahoo.com | Trade Payable | | | | $141,200 |
| 14 | Encana Oil & Gas (USA) Inc 370 17th St Suite 1700 DENVER, CO 80202 | Attn: Doug Suttles, President & Chief Executive Officer Tel: 303-623-2300 Fax: 303-623-2400 Email: teresa.scott@encana.com | Trade Payable | | | | $138,300 |
| 15 | Ciferno Cement Contracting, LLC 236 Finley Rd Suite16 BELLEVERNON, PA 15012 | Attn: John Ciferno, President Tel: 724-0929-0292 Fax: 724-929-0293 Email: jsciferno@comcast.net | Trade Payable | | | | $138,000 |
| 16 | Hunter Truck Sales & Service, Inc. Dept 101 P.O. Box 640057 PHILADELPHIA, PA 15264-0057 | Attn: Ralph Fischer, Chief Operating Officer Tel: 724-564-4292 Fax: 724-791-2744 Email: CREDIT2@HUNTERTRUCKSALES.COM | Trade Payable | | | | $133,400 |

01:19313005.1

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | RDO Equipment Co. Inc.<br>6320 Highway 2 East<br>MINOT, ND 58701 | Attn: Steven B. Dewald, Chief Financial Officer<br>Tel: 701-223-5798<br>Fax: 701-852-5306<br>Email: payments@rdoequipment.com | Trade Payable | | | | $128,200 |
| 18 | Liquid Connection Inc<br>2004 Hwy 85 SW<br>FAIRFIELD, ND 58627 | Attn: President or General Counsel<br>Tel: 701-690-7950<br>Fax: 701-212-4065<br>Email: jenifer.liquidconnection@outlook.com | Trade Payable | | | | $127,500 |
| 19 | Western Area Water Supply Authority<br>1117 E Broadway<br>PO Box 2343<br>WILLISTON, ND 58802 | Attn: President or General Counsel<br>Tel: 701-774-6605<br>Fax: 701-774-6606<br>Email: waws@wawsp.com | Trade Payable | | | | $126,400 |
| 20 | Unum Life Insurance Company of America<br>2211 Congress Street<br>Portland, ME 04122 | Attn: Bill Bouffard, Chief Executive Officer<br>Tel: 207-575-2211<br>Fax: 207-770-4331<br>Email: askunum@unum.com | Trade Payable | | | | $121,400 |
| 21 | Wolt Transport Inc<br>PO Box 492<br>MANDAN, ND 58554 | Attn: President or General Counsel<br>Tel: 701-319-3320<br>Fax: 701-663-0838<br>Email: wolttransport@yahoo.com | Trade Payable | | | | $116,100 |
| 22 | Nickleback Transport Inc<br>PO Box 67<br>TERRETON, ID 83450 | Attn: Shawn Holdaway, Principal<br>Tel: 208-663-4469; 801-319-5089<br>Fax:<br>Email: rojas13lidia@gmail.com | Trade Payable | | | | $105,800 |
| 23 | Whiting Oil & Gas Corporation<br>528 21st St. West<br>Suite E<br>DICKINSON, ND 58601 | Attn: President or General Counsel<br>Tel: 701-456-5410<br>Fax: 701-456-5425<br>Email: info@whiting.com | Trade Payable | | | | $91,900 |
| 24 | Ensign Trucking LLC<br>SW10444 1J St<br>KILLDEER, ND 58640 | Attn: President or General Counsel<br>Tel: 701-290-5657 | Trade Payable | | | | $90,700 |
| 25 | Iron Will Transport<br>3945 Hwy 8 208A<br>NEW TOWN, ND 58763 | Attn: Diego Lebaron<br>Tel: 701-590-8286<br>Email: diegolebaron@hotmail.com | Trade Payable | | | | $84,200 |
| 26 | Werts Welding & Tank Service Inc.<br>400 N Old St.Louis Road<br>WOOD RIVER, IL 62095 | Attn: Dwight Werts, President and Chief Executive Officer<br>Tel: 800-851-4452<br>Fax: 618-254-8468<br>Email: ecarlton@wertswelding.com | Trade Payable | | | | $79,200 |

01:19313005.1

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 | Polsinelli P.C. One E Washington Street Suite 1200 PHOENIX, AZ 85004 | Attn: President or General Counsel Tel: 877-577-7455; 602-650-2000 Fax: 602-264-7033 Email: AccountingReceivables@polsinelli.com | Trade Payable | | | | $75,800 |
| 28 | Motion & Flow Control Products Inc. 7941 Shaffer Pkwy Littleton, CO 80127 | Attn: John R. Niemi, Chief Executive Officer and President Tel: 303-926-8330; 907-277-1406 Fax: 303-666-2215; 907-258-1700 Email: AR@mfcpinc.com | Trade Payable | | | | $73,400 |
| 29 | Cross 10 Energy LLC POB 267 JOAQUIN, TX 75954 | Attn: President or General Counsel Tel: 936-269-4886; 903-269-3342 Fax: 936-269-9836 | Trade Payable | | | | $72,200 |
| 30 | KLN Contractors LLC 1314 CR 3801 Joaquin, TX 75954 | Attn: Neal McFadden, Principal Tel: 936-269-4176; 936-269-4042 Fax: 936-269-4805 Email: hwmcfadden@windstream.net | Trade Payable | | | | $68,000 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------------x
                                            :
                                            :
In re:                                      :   Chapter 11
                                            :
Nuverra Environmental Solutions, Inc., et al.,¹ :   Case No. 17– (____)
                                            :
            Debtors.                        :   (Joint Administration Requested)
                                            :
                                            :
-----------------------------------------------------------------x
```

CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
PURSUANT TO FED. R. BANKR. P. 1007(a)(1) AND 7007.1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Nuverra Environmental Solutions, Inc. ("**Nuverra**"), a Delaware corporation, and certain subsidiaries, who are each debtors and debtors in possession in the above-captioned cases (each a "**Debtor**"), hereby state as follows:

1. Mark D. Johnsrud is the beneficial owner of approximately 85% of Nuverra's common stock. To the best of Debtors' knowledge and belief, based on third party information and publicly filed disclosures, no person or entity other than Mark D. Johnsrud directly or indirectly owns 10% or more of Nuverra's common stock.

2. The subsidiaries listed below are 100% owned by Nuverra:

    - Badlands Power Fuels, LLC (DE)
    - Heckmann Water Resources Corporation
    - Heckmann Water Resources Corporation (CVR), Inc.
    - HEK Water Solutions, LLC
    - Heckmann Woods Cross, LLC

---

[1] The Debtors in these proceedings (including the last four digits of their respective taxpayer identification numbers) are: Nuverra Environmental Solutions, Inc. (7117), Appalachian Water Services, LLC (0729), Badlands Leasing, LLC (2638), Badlands Power Fuels, LLC (DE) (8703), Badlands Power Fuels, LLC (ND) (1810), Heckmann Water Resources Corporation (1194), Heckmann Water Resources (CVR), Inc. (1795), Heckmann Woods Cross, LLC (9761), HEK Water Solutions, LLC (8233), Ideal Oilfield Disposal, LLC (5796), Landtech Enterprises, L.L.C. (9022), NES Water Solutions, LLC (3421), Nuverra Total Solutions, LLC (6218), and 1960 Well Services, LLC (5084). The Debtors' corporate headquarters is located at 14624 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85254.

- NES Water Solutions, LLC
- Nuverra Total Solutions, LLC

3. The subsidiaries listed below are 100% owned by Badlands Power Fuels, LLC (DE):

- Badlands Leasing, LLC
- Badlands Power Fuels, LLC (ND)
- Ideal Oilfield Disposal, LLC
- Landtech Enterprises, LLC

4. The subsidiary listed below is 100% owned by Heckmann Water Resources (CVR), Inc.:

- 1960 Well Services, LLC

6. The subsidiary listed below is 51% owned by HEK Water Solutions, LLC and 49% owned by NES Water Solutions, LLC:

- Appalachian Water Services, LLC

01:19328843.2

2

**Fill in this information to identify the case:**

Debtor Name: Nuverra Environmental Solutions, Inc.

United States Bankruptcy Court for the District of Delaware

Case Number (if known) _____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration   Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/01/2017
              MM / DD / YYYY

x  */s/ Joseph M. Crabb*                                Joseph M. Crabb
   Signature of authorized representative of debtor     Printed name

   Title   Executive Vice President, Chief Legal Officer, & Corporate Secretary

01:19313005.1