IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
: 
In re: : Chapter 11
: 
Nuverra Environmental Solutions, Inc., *et al.*,[1] : Case No. 17–10949 (KJC)
: 
Debtors. : (Jointly Administered)
: 
: RE: Docket No. 5
: 
------------------------------------------------------------x

**INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM
DISCONTINUING, ALTERING OR REFUSING SERVICE,
(II) DEEMING UTILITY COMPANIES TO HAVE ADEQUATE
ASSURANCE OF PAYMENT AND (III) ESTABLISHING PROCEDURES
FOR RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an interim order (this "**Interim Order**") and a final order (the "**Final Order**") (a) prohibiting Utility Companies from discontinuing, altering or refusing service to the Debtors, (b) deeming the Utility Companies to be adequately assured of payment, and (c) establishing procedures for resolving requests for additional assurance of payment, all as more fully set forth in the Motion; and upon the First Day Declaration; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing

---

[1] The Debtors in these proceedings (including the last four digits of their respective taxpayer identification numbers) are: Nuverra Environmental Solutions, Inc. (7117), Appalachian Water Services, LLC (0729), Badlands Leasing, LLC (2638), Badlands Power Fuels, LLC (DE) (8703), Badlands Power Fuels, LLC (ND) (1810), Heckmann Water Resources Corporation (1194), Heckmann Water Resources (CVR), Inc. (1795), Heckmann Woods Cross, LLC (9761), HEK Water Solutions, LLC (8233), Ideal Oilfield Disposal, LLC (5796), Landtech Enterprises, L.L.C. (9022), NES Water Solutions, LLC (3421), Nuverra Total Solutions, LLC (6218), and 1960 Well Services, LLC (5084). The Debtors' corporate headquarters is located at 14624 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85254.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

01:21853084.3

that venue of the these chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that, except as otherwise ordered herein, no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis, as set forth herein.

2. The Debtors are authorized, but not directed, to pay on a timely basis and in accordance with their prepetition practices all undisputed invoices for postpetition Utility Services provided by the Utility Companies to the Debtors.

3. Within 21 days of the Petition Date, the Debtors shall deposit $205,800.00 (the "**Utility Deposit**") into a segregated account (the "**Utility Deposit Account**"), with such Utility Deposit to be held in escrow, for the purpose of providing each Utility Company adequate assurance of payment of their postpetition Utility Services to the Debtors. The Utility Deposit may be adjusted by the Debtors (a) to account for the termination of Utility Services by the Debtors (after final payment of charges for postpetition service), (b) in accordance with the terms of any agreement between the Debtors and the affected Utility Company, and (c) to account for the addition or removal of a Utility Company from the Utility Service List.

4. The following Assurance Procedures are approved in their entirety:

    (a) If a Utility Company is not satisfied with the assurance of future payment provided by the Debtors, the Utility Company must serve a written request (a "**Request**") upon: (i) the Debtors, Nuverra Environmental Solutions, Inc., 14624 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85254,

01:21853084.3

2

Attn.: Jason Baskind, Esq.; and (ii) proposed co-counsel to the Debtors, (a) Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022, Attn.: Sara Coelho, Esq. and Stephen M. Blank, Esq. and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn.: Jaime Luton Chapman, Esq.

(b) The Request must: (i) set forth the locations(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each account; (ii) provide a report certifying the Debtors' payment history on each account for the previous twelve months; (iii) disclose any existing security deposit; and (iv) provide a detailed explanation of why the Utility Deposit is not sufficient Adequate Assurance of payment.

(c) Without further order of this Court, the Debtors may enter into agreements granting additional Adequate Assurance to a Utility Company and extending the Debtors' time to file a Determination Motion (as defined below). The Debtors may reduce the amount of the Utility Deposit by any amount allocated to a particular Utility Company to the extent consistent with any alternative adequate assurance arrangements mutually agreed to by the Debtors and the affected Utility Company.

(d) If the Debtors believe a Request is unreasonable, then they shall, within thirty (30) days after receipt of a Request (or such later date as agreed to by the Debtors and the requesting Utility Company), file a motion (the "**Determination Motion**") pursuant to section 366(c)(3) of the Bankruptcy Code seeking a determination from this Court that the Utility Deposit, plus any additional consideration offered by the Debtors, constitutes Adequate Assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Company that is the subject of the unresolved Request may not alter, refuse, or discontinue services to the Debtors.

(e) The Utility Deposit shall be deemed Adequate Assurance of payment for any Utility Company that fails to make a Request.

(f) Pending resolution of any such Determination Motion, the Utility Company filing such Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of the commencement of these chapter 11 cases, unpaid charges for prepetition services, or on account of any objections to the Debtors' proposed Adequate Assurance.

5. Until such time as the Final Order is entered by this Court, all Utility Companies are prohibited from altering, refusing, or discontinuing service to the Debtors on the basis of the commencement of these chapter 11 cases or on account of prepetition amounts outstanding, and from discriminating against the Debtors or requiring the Debtors to pay a deposit or other security in connection with the provision of postpetition Utility Services as a result of the commencement of these chapter 11 cases or prepetition amounts outstanding.

6. The Motion, which includes the proposed Final Order and this Interim Order, shall be served on each Utility Company on the Utility Service List within two (2) business days after entry of this Interim Order.

7. The deadline by which objections to the Motion and the proposed Final Order must be filed is May 24, 2017 at 4:00 p.m. (ET). The Final Hearing, if required, will be held on May 31, 2017 at 2:00 p.m. (ET). If no objections are filed to the Motion, this Court may enter the Final Order without further notice or a hearing.

8. Any and all payments arising under or in connection with or authorized to be made by this Interim Order, or otherwise relating to the relief requested in the Motion, shall be subject to the interim and final orders of this Court in these chapter 11 cases approving the Debtors' debtor-in-possession financing facilities and the related budgets as approved by the lenders under such facilities.

9. The requirements of Bankruptcy Rule 6004(h), to the extent applicable, are hereby waived, and this Interim Order shall be immediately effective and enforceable upon its entry.

10. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and implementation of this Interim Order.

Dated: Wilmington, Delaware
       May 2, 2017

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE