IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------x
:
In re:                                                         : Chapter 11
:
Nuverra Environmental Solutions, Inc., *et al.*,[1]            : Case No. 17–10949 (KJC)
:
Debtors.                                                       : (Jointly Administered)
:
:                                                              RE: Docket No. 7
----------------------------------------------------------------x

**INTERIM ORDER AUTHORIZING THE DEBTORS TO (I) PAY PREPETITION
EMPLOYEE AND INDEPENDENT CONTRACTOR WAGES, SALARIES AND OTHER
COMPENSATION, (II) REIMBURSE PREPETITION EMPLOYEE BUSINESS
EXPENSES, (III) CONTRIBUTE TO PREPETITION EMPLOYEE BENEFIT
PROGRAMS AND CONTINUE SUCH PROGRAMS POSTPETITION, (IV) MAKE
PAYMENTS FOR WHICH PREPETITION PAYROLL DEDUCTIONS WERE MADE,
(V) PAY WORKERS' COMPENSATION OBLIGATIONS, AND (VI) PAY ALL COSTS
AND EXPENSES INCIDENT TO THE FOREGOING**

Upon the motion (the "**Motion**")[2] of Nuverra Environmental Solutions, Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") for an order authorizing, but not directing, the Debtors to, *inter alia*, and in accordance with their Official Policies, (a) pay and honor all prepetition wages, salaries and other accrued compensation to employees, independent contractors, and directors, (b) reimburse all prepetition employee business expenses, (c) make all contributions to prepetition employee benefit programs and continue such programs postpetition, (d) make all payments for which prepetition payroll deductions or withholdings were made, (e) honor workers' compensation

---

[1] The Debtors in these cases (including the last four digits of their respective taxpayer identification numbers) are: Nuverra Environmental Solutions, Inc. (7117), Appalachian Water Services, LLC (0729), Badlands Leasing, LLC (2638), Badlands Power Fuels, LLC (DE) (8703), Badlands Power Fuels, LLC (ND) (1810), Heckmann Water Resources Corporation (1194), Heckmann Water Resources (CVR), Inc. (1795), Heckmann Woods Cross, LLC (9761), HEK Water Solutions, LLC (8233), Ideal Oilfield Disposal, LLC (5796), Landtech Enterprises, L.L.C. (9022), NES Water Solutions, LLC (3421, Nuverra Total Solutions, LLC (6218), and 1960 Well Services, LLC (5084), The Debtors' corporate headquarters is located at 14624 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85254.

[2] Capitalized terms used but not defined herein shall be given the meanings ascribed to them in the Motion.

01:21853372.4

obligations and (f) pay all processing costs and administrative expenses relating to the foregoing payments and contributions, including any payments to third-party administrators or other administrative service providers, all as more fully set forth in the Motion; and upon the *Declaration of Robert D. Albergotti in Support of Voluntary Petitions, First Day Motions and Applications*; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that venue of these chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an INTERIM BASIS as set forth in this order (this "**Interim Order**").

2. The Debtors are authorized, but not directed, to pay Prepetition Employee Wage Claims, including but not limited to Employee Payroll Obligations, up to a maximum of $12,850 per individual and up to $1,500,000 in the aggregate (the "**Wage Cap**").

3. The Debtors are authorized, but not directed, to pay Unpaid Independent Contractor Obligations up to $25,000 in the aggregate (the "**Non-Employee Wage Cap**").

4. In the event that (a) the aggregate prepetition amount for Prepetition Employee Wage Claims exceeds the Wage Cap or (b) the aggregate prepetition amount for the

01:21853372.4

Unpaid Independent Contractor Obligations exceeds the Non-Employee Wage Cap, the Debtors may seek further approval to pay and honor such amounts from this Court.

5. The Debtors are authorized to pay in the ordinary course (a) Unpaid Reimbursable Expenses (including amounts due in respect of the Employee Credit Card Program), (b) Unpaid Medical Plan Expenses, (c) Unpaid Basic Life Insurance Expenses, (d) Unpaid Short-Term Disability Insurance Expenses, (e) Unpaid Long-Term Disability Insurance Expenses, (f) Unpaid Cancer and Intensive Care Insurance Expenses, (g) Unpaid Employee-Savings-Plan Expenses, (h) Unremitted Deductions, (i) Unpaid Payroll Taxes and (j) Unpaid Third-Party Administrative Costs; *provided, however,* absent further order of this Court, the aggregate amount of such payments for Unpaid Employee Benefits shall not exceed $1,200,000.

6. Payment of obligations under any self-funded medical, dental or vision plan shall be made without discrimination to the current employment status of the Employee (or covered dependent thereof) provided that the Employee or covered dependent was eligible for coverage under such self-funded plan on the date that medical, dental or vision services were provided.

7. The Debtors are authorized, but not directed, to continue to pay and comply with all WC Obligations, including, without limitation, the payment of premiums, deductibles, retentions and claims under any of the WC Insurance Policies. The automatic stay, if and to the extent applicable, is modified solely to the extent necessary to allow (a) current and former employees of the Debtors to proceed with claims under any of the WC Insurance Policies in the appropriate forum, and (b) any insurer or third party administrator to handle, administer, defend, settle and/or pay any such claims. The corresponding notice requirements of Bankruptcy

01:21853372.4

Rule 4001(d) are hereby waived for the actions set forth in this paragraph. Nothing herein alters or amends the terms and conditions of the Workers' Compensation Programs.

8. The Debtors are authorized to continue to utilize the Third-Party Administrators in the ordinary course of business, including, without limitation, paying all postpetition amounts due in respect of the Third-Party Administrators.

9. The Debtors are authorized to honor and continue their PTO Policy, including paying amounts thereunder, in the ordinary course of business and consistent with prepetition practices, regardless of when the PTO accrued, *provided, however,* absent further order of this Court, the Debtors shall not pay any Employee more than $12,850 in the aggregate on account of Prepetition Employee Wage Claims and PTO accrued prepetition, unless required by applicable state law.

10. The Debtors are authorized to continue the Employee Credit Card Program in the ordinary course of business, including without limitation, paying all postpetition amounts due in respect of the Employee Credit Card Program and opening and closing new credit card accounts.

11. The Debtors are authorized to pay, honor and continue the Postpetition Employee Wages and Benefits in the ordinary course of business; *provided, however*, payment of Director Fees shall be subject to entry of the Final Order (as defined herein).

12. Nothing herein shall prohibit the Debtors from continuing or modifying, changing, or otherwise discontinuing the Employee Benefits and Employee Benefit Obligations or implementing new programs, policies, and benefits, in the ordinary course of business during these chapter 11 cases, subject to applicable law.

13.    Notwithstanding anything contained herein or in the Motion, nothing in this Interim Order should be read to constitute a prohibition on the Debtors' right to seek authority to pay any Employee Benefits for which relief is not sought by the Motion or to pay any amounts in the ordinary course of business consistent with the requirements of the Bankruptcy Code.

14.    All banks and other financial institutions are authorized to (a) receive, process, honor and pay all checks presented for payment and to honor all electronic payment requests or credit card payments made by the Debtors related to the prepetition obligations described in the Motion, whether such checks were presented or electronic requests were submitted prior to or after the Petition Date and (b) rely on the Debtors' designation of any particular check or electronic payment request as approved pursuant to this Interim Order.

15.    The deadline by which objections to an order granting the relief requested in the Motion on a final basis (the "**Final Order**") must be filed is May 24, 2017 at 4:00 p.m. (ET). The hearing, if required, to consider entry of the Final Order will be held on May 31, 2017 at 2:00 p.m. (ET). If no objections are filed to the Motion, this Court may enter the Final Order without further notice or a hearing.

16.    Any and all payments arising under or in connection with or authorized to be made by this Interim Order, or otherwise relating to the relief requested in the Motion, shall be subject to the interim and final orders of this Court in these chapter 11 cases approving the Debtors' debtor-in-possession financing facilities and the related budgets as approved by the lenders under such facilities.

17.    The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

01:21853372.4

5

18. Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall be deemed: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request to assume any executory contract or unexpired lease; (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) to authorize any payment that is subject to the provisions of section 503(c) of the Bankruptcy Code.

19. Notwithstanding the relief granted herein and any actions taken pursuant to this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person.

20. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

21. The requirements of Bankruptcy Rule 6004(h), to the extent applicable, are hereby waived, and this Interim Order shall be immediately effective and enforceable upon its entry.

22. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Interim Order, and the Debtors may, in their discretion and without further delay, take any action and perform any act necessary to implement the relief granted in this Interim Order.

23. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

Dated: Wilmington, Delaware
      May __, 2017

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE