**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------------x
                                                   :
                                                   :
In re:                                             :   Chapter 11
                                                   :
Nuverra Environmental Solutions, Inc., et al.,¹    :   Case No. 17–10949 (KJC)
                                                   :
                       Debtors.                    :   (Jointly Administered)
                                                   :
                                                   :   RE: Docket No.
                                                   :
------------------------------------------------------------------x
```

**ORDER AUTHORIZING THE DEBTORS TO (I) EMPLOY AND RETAIN AP
SERVICES, LLC TO PROVIDE INTERIM MANAGEMENT SERVICES PURSUANT
TO 11 U.S.C. § 363, *NUNC PRO TUNC* TO THE PETITION DATE, AND
(II) DESIGNATE ROBERT D. ALBERGOTTI AS CHIEF RESTRUCTURING OFFICER**

Upon the Motion (the "**Motion**") [2] of the Debtors for entry of an order, pursuant

to section 363 of the Bankruptcy Code, authorizing the Debtors to employ AP Services, LLC

("**APS**"), *nunc pro tunc* to the Petition Date, pursuant to the terms of the Engagement Letter, and

designate Robert D. Albergotti as CRO; and upon consideration of the First Day Declaration;

and this Court having jurisdiction to consider the Motion and the relief requested therein

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference f*rom the

United States District Court for the District of Delaware dated as of February 29, 2012; and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

---

[1]     The Debtors in these proceedings (including the last four digits of their respective taxpayer identification numbers) are:  Nuverra Environmental Solutions, Inc. (7117), Appalachian Water Services, LLC (0729), Badlands Leasing, LLC (2638), Badlands Power Fuels, LLC (DE) (8703), Badlands Power Fuels, LLC (ND) (1810), Heckmann Water Resources Corporation (1194), Heckmann Water Resources (CVR), Inc. (1795), Heckmann Woods Cross, LLC (9761), HEK Water Solutions, LLC (8233), Ideal Oilfield Disposal, LLC (5796), Landtech Enterprises, L.L.C. (9022), NES Water Solutions, LLC (3421), Nuverra Total Solutions, LLC (6218), and 1960 Well Services, LLC (5084).  The Debtors' corporate headquarters is located at 14624 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85254.

[2]     Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties-in-interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to, *nunc pro tunc* to the Petition Date:  (i) engage APS on the terms set forth in the Engagement Letter as modified by this Order; and (ii) designate Robert D. Albergotti as CRO, subject to the following terms, which apply notwithstanding anything in the Motion or the Engagement Letter, or any exhibits related thereto, to the contrary:

      a.      APS shall not act in more than one of the following capacities (crisis manager, financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with these chapter 11 cases;

      b.      In the event the Debtors seek to have APS personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the engagement by (i) modifying the functions of personnel, (ii) adding executive officers, or (iii) expanding the scope of the Engagement Letter, a motion to modify the retention shall be filed;

      c.      APS shall file with this Court, and provide notice to the U.S. Trustee and all official committees, reports of compensation earned, expenses incurred, and of staffing on the engagement for the previous month on a monthly basis (each, a "**Fee Statement**").  The Fee Statement shall (i) summarize the time expended and the services provided to the Debtors, (ii) identify by name and function the staff provided, and (iii) itemize

expenses incurred.  All time entries shall be reported in half-hour (0.5) increments.  Objections shall be filed on or before fourteen days from service of the Fee Statement.  All compensation and staffing shall be subject to review by this Court in the event an objection is filed and remains unresolved by agreement of the objecting party, the Debtors, and APS;

d.    No principal, employee, or independent contractor of APS or its subsidiary affiliates shall serve as a director of any of the Debtors during the pendency of the chapter 11 cases;

e.    The Debtors are permitted to indemnify those person serving as corporate officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy.

f.    There shall be no indemnification of APS, its affiliates, or non-officer employees of APS;

g.    APS personnel serving as corporate officers of the Debtors shall be subject to the same fiduciary duties and obligations applicable to other persons serving in such capacity;

h.    APS shall not be required to apply to this Court for payment of its monthly invoices.  Monthly invoices shall be paid in the ordinary course of business by the Debtors;

i.    APS shall follow the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules regarding limitations on reimbursement of expenses;

j.    For a period of three years after the conclusion of the engagement, neither APS nor any of its subsidiary affiliates shall make any investments in the Debtors or the Reorganized Debtors;

k.    APS shall make appropriate disclosures of any and all facts that may have a bearing on whether APS, its subsidiary affiliates, and/or any individuals working on the engagement hold or represent a material adverse interest to the Debtors, their creditors, or other parties-in-interest.  The obligation to disclose identified in this subparagraph is a continuing obligation; and

l.    Success fees, transaction fees, or other back-end fees, if any, shall be approved by this Court at the conclusion of these chapter 11 cases on a reasonableness standard and are not being pre-approved by entry of this Order.  No success fee, transaction fee, or back-end fee shall be sought upon conversion of these chapter 11 cases, dismissal of these chapter 11 cases for cause, or appointment of a trustee.

3. Except as otherwise provided in paragraph 2(b) of this Order, the Engagement Letter and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of this Court, provided that any such modification, amendment, or supplement shall have no material adverse effect on the Debtors' estates or creditors.

4. Any and all payments arising under or in connection with or authorized to be made by this Order, or otherwise relating to the relief requested in the Motion, shall be subject to the interim and final orders of this Court in these chapter 11 cases approving the Debtors' debtor-in-possession financing facilities, and the related budgets as approved by the lenders under such facilities.

5. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. Notwithstanding the applicability of any Bankruptcy Rules or otherwise, this Order shall be effective and enforceable by its terms immediately upon entry.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
        May _____, 2017

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

01:19496407.5

4