**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------x
: 
: 
In re: : Chapter 11
: 
Nuverra Environmental Solutions, Inc., *et al.*,[1] : Case No. 17–10949 (KJC)
: 
Debtors. : (Jointly Administered)
: 
: Hearing Date: May 31, 2017 at 2:00 p.m. (ET)
: Objection Deadline: May 24, 2017 at 4:00 p.m. (ET)
---------------------------------------------------------------x

**APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING
DEBTORS TO RETAIN AND EMPLOY SQUIRE PATTON BOGGS (US) LLP
AS SPECIAL COUNSEL EFFECTIVE AS OF THE PETITION DATE**

Nuverra Environmental Solutions, Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") hereby file this application (this "**Application**") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), authorizing the Debtors to retain and employ Squire Patton Boggs (US) LLP ("**Squire Patton Boggs**" or the "**Firm**") as special counsel, effective as of the Petition Date (as defined below). In support of this Application, the Debtors submit the declaration of Matthew M. Holman (the "**Holman Declaration**"), a copy of which is attached hereto as Exhibit B, and the declaration of Joseph M. Crabb (the "**Crabb Declaration**"), a copy of which is attached hereto as Exhibit C, and respectfully represent:

---

[1] The Debtors in these proceedings (including the last four digits of their respective taxpayer identification numbers) are: Nuverra Environmental Solutions, Inc. (7117), Appalachian Water Services, LLC (0729), Badlands Leasing, LLC (2638), Badlands Power Fuels, LLC (DE) (8703), Badlands Power Fuels, LLC (ND) (1810), Heckmann Water Resources Corporation (1194), Heckmann Water Resources (CVR), Inc. (1795), Heckmann Woods Cross, LLC (9761), HEK Water Solutions, LLC (8233), Ideal Oilfield Disposal, LLC (5796), Landtech Enterprises, L.L.C. (9022), NES Water Solutions, LLC (3421), Nuverra Total Solutions, LLC (6218), and 1960 Well Services, LLC (5084). The Debtors' corporate headquarters is located at 14624 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85254.

01:21272523.12

**Background**

1. On May 1, 2017 (the "**Petition Date**"), each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"). The cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases. As of the date hereof, no creditors' committee has been appointed.

2. On the Petition Date, the Debtors filed the *Debtors' Prepackaged Plans of Reorganization Under Chapter 11 of the Bankruptcy Code* (the "**Plan**") and the related disclosure statement. Voting on the Plan began prior to the Petition Date, but has not yet concluded.

3. The Plan comprises (i) a separate plan (the "**Nuverra Group Plan**") for all of the Debtors except for Appalachian Water Services, LLC and Badlands Power Fuels, LLC (DE) (the "**Nuverra Group Debtors**"), (ii) a separate plan of reorganization for Appalachian Water Services, LLC (the "**AWS Plan**") and (iii) a separate plan of reorganization for Badlands Power Fuels, LLC (DE) (the "**Badlands (DE) Plan**" and collectively with the Nuverra Group Plan and the AWS Plan, the Plan). The Plan was developed in accordance with the terms of the Restructuring Support Agreement, dated as of April 9, 2017, as amended from time to time (the "**Restructuring Support Agreement**"), among the Debtors and certain supporting noteholders who hold 100% of the outstanding principal amount of the claims arising under a term loan credit agreement, dated April 15, 2016, and approximately 86% in outstanding principal amount

of the 12.5%/10.0% senior secured notes due 2021 (the "**Supporting Noteholders**"). The Restructuring Support Agreement obligates the Supporting Noteholders, subject to certain terms and conditions, to vote to approve the Plan. The Debtors expect that, with the affirmative vote of the Supporting Noteholders, each Plan will be accepted by one or more impaired classes of creditors.

4. Additional factual background relating to the Debtors' business, capital structure, and the commencement of these chapter 11 cases is set forth in the *Declaration of Robert D. Albergotti in Support of Voluntary Petitions, First Day Motions and Applications* [D.I. 12] (the "**First Day Declaration**").

## Jurisdiction

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are sections 327(e), 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## Relief Requested

6. By this Application, the Debtors seek entry of an order, pursuant to sections 327(e), 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, authorizing the Debtors to retain and employ Squire Patton Boggs as special counsel in accordance with the terms and conditions set forth in the engagement

letter dated as of July 18, 2013 (the **"Engagement Letter"**).  A copy of the Engagement Letter is attached hereto as Exhibit D.

### Basis for Relief Requested

7. Section 327(e) of the Bankruptcy Code provides that a debtor in possession, subject to court approval:

> [M]ay employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

8. Moreover, Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

**A.      Squire Patton Boggs' Qualifications**

9. The Debtors believe that Squire Patton Boggs is well qualified to represent them as special counsel in their chapter 11 bankruptcy cases in an efficient and timely manner. The Debtors selected Squire Patton Boggs because of the firm's extensive experience and knowledge in general corporate, finance, and securities legal matters, and in particular the fields of financial services, securities, labor and employment, and litigation.  Further, the Debtors

believe that Squire Patton Boggs has substantial familiarity with the Debtors' business operations, prior litigation matters, and organization and capital structure.

10. Since July 2013, Squire Patton Boggs has represented the Debtors, and continues to represent them in certain corporate, finance, including debtor-in-possession financing for these chapter 11 cases, securities, employment, and litigation matters, as described below (collectively, the "**Special Counsel Matters**").

11. Accordingly, the Debtors believe that Squire Patton Boggs is both well qualified and uniquely able to continue to provide the Debtors on a going-forward basis with legal advice in connection with the Special Counsel Matters, and Squire Patton Boggs' retention as special counsel is in the best interest of the Debtors and their estates.

**B.    Services to be Provided**

12. The Debtors currently seek to retain Squire Patton Boggs, subject to the oversight and orders of the Court, solely with respect to the Special Counsel Matters. The Debtors require knowledgeable counsel to render essential professional services with respect to such matters. As noted above, Squire Patton Boggs has substantial expertise in all of these areas. Moreover, Squire Patton Boggs has obtained valuable institutional knowledge of the Debtors' business, financial affairs, and employment matters through its representation of the Debtors prior to the Petition Date.

13. Should the Debtors be required to retain attorneys other than Squire Patton Boggs in connection with the prosecution of these matters, the Debtors, their estates, and all parties in interest would be unduly prejudiced by the time and expense necessarily attendant to such attorneys' familiarization with the intricacies of the Debtors, their business operations, and their financial circumstances.

14. By separate applications, the Debtors also have sought to retain Shearman & Sterling LLP and Young Conaway Stargatt & Taylor, LLP as general bankruptcy counsel in these chapter 11 cases. Although certain aspects of the representations may necessarily involve Squire Patton Boggs as well as other law firms, the Debtors believe that the services Squire Patton Boggs will provide will be complementary rather than duplicative of the services to be performed by any other retained counsel. Further, the Debtors are mindful of the need to avoid duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort, if any, as a result of Squire Patton Boggs' role as special counsel.

C. **Professional Fees and Compensation**

15. For services rendered by Squire Patton Boggs, the Debtors propose to pay Squire Patton Boggs at rates that do not exceed the rates that Squire Patton Boggs customarily charges to its other clients for work of this type, and to reimburse Squire Patton Boggs according to its customary reimbursement policies (subject to the limitations of the Local Rules), and respectfully submit that such rates and policies are reasonable. The applicable rates for time keepers on this matter are set forth in the Holman Declaration.

16. The Debtors understand that, in connection with the reimbursement of reasonable and necessary expenses, it is Squire Patton Boggs' policy to charge its clients for certain expenses incurred in connection with providing certain client services, including travel, lodging, photocopying, postage, vendor charges, delivery service, and other expenses incurred in providing professional services.

17. All of Squire Patton Boggs' fees and expenses incurred during these chapter 11 cases, except as may otherwise be ordered by the Court, will be subject to approval of the Court upon proper application by Squire Patton Boggs in accordance with sections 330 and

01:21272523.12

6

331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and any other applicable requirements or procedures fixed by order of the Court.

18. During the 90-day period immediately preceding the Petition Date, Squire Patton Boggs received the following payments in connection with its representation of the Debtors:

| Date Received | Amount |
|---|---|
| 2/8/2017 | $128,104.83 |
| 3/8/2017 | $45,286.06 |
| 3/29/2017 | $10,152.50 |
| 3/31/2017 | $72,028.84 |
| 3/31/2017 | $226,215.00 |
| 4/21/2017 | $189,684.27 |
| 4/26/2017 | $90,719.20 |
| 4/28/17 | $193,364.64 |

19. Other than as set forth herein, Squire Patton Boggs has not received any payments from the Debtors during the 90 days immediately preceding the Petition Date for services rendered or to be rendered in contemplation of or in connection with these chapter 11 cases.

**D.  Other Professional Relationships**

20. As Squire Patton Boggs is the proposed special counsel for the purpose of advising, assisting, and representing the Debtors on matters relating to the Special Counsel Matters, section 327(e) of the Bankruptcy Code does not require that Squire Patton Boggs be "disinterested persons" as defined in section 101(14) of the Bankruptcy Code.  Rather, section 327(e) of the Bankruptcy Code only requires that Squire Patton Boggs not represent or hold any interest adverse to the Debtors or the estates with respect to the matters on which Squire Patton Boggs is to be employed.

21. However, except as set forth herein and in the Holman Declaration, based on Squire Patton Boggs' preliminary conflicts check of its client database, the partners, counsel, and associates of Squire Patton Boggs: (i) do not have any connection with any of the Debtors, their affiliates, their creditors, or any other parties in interest, or their respective attorneys and accountants; and (ii) do not hold or represent any interest adverse to the Debtors or their estates with respect to the matters on which Squire Patton Boggs is to be employed.

## Notice

22. Notice of this Application will be provided to: (i) the Office of United States Trustee for the District of Delaware; (ii) Fried, Frank, Harris, Shriver & Jacobson LLP, as counsel to the Supporting Noteholders, One New York Plaza, New York, NY 10004, Attn: Brad Eric Scheler and Jennifer Rodburg; (iii) Goldberg Kohn Ltd., as counsel to Wells Fargo Bank, N.A., Revolving Credit Agreement Agent, 55 East Monroe, Suite 3300, Chicago, IL 60603, Attn: Randall Klein, Dimitri Karcazes and Gary Zussman; (iv) Morrison & Foerster LLP, as counsel to Wilmington Savings Fund Society, FSB, Trustee to Senior Secured Second Lien Notes due 2021, and Term Loan Agent, 250 West 55th Street, New York, NY 10019, Attn: Jonathan I. Levine and James A. Newton; (v) Ropes & Gray LLP, as counsel to Wilmington Trust, National Association, Trustee to 9.875% Senior Notes due 2018, Prudential Tower, 800 Boylston Street, Boston, MA 02199, Attn: Mark R. Somerstein; (vi) American Stock Transfer & Trust Company, LLC, as Warrant Agent, 6201 15th Avenue, Brooklyn, NY 11219, Attn: Relationship Manager, and 48 Wall Street, 21st Floor, New York, NY 10005, Attn: Legal Department; (vii) the 30 largest unsecured creditors of the Debtors, on a consolidated basis; and (viii) all parties that have requested notice in these chapter 11 cases

pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting the Debtors such other and further relief as is just and proper.

Dated:   May 10, 2017                              Nuverra Environmental Solutions, Inc., *et al.*

                                                   */s/ Joseph M. Crabb*
                                                   Joseph M. Crabb
                                                   Chief Legal Officer