## EXHIBIT A

## Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------x
:
:
In re:                                          :   Chapter 11
                                                :
Nuverra Environmental Solutions, Inc., *et al.*,[1]  :   Case No. 17–10949 (KJC)
                                                :
Debtors.                                        :   (Jointly Administered)
                                                :
                                                :   RE: Docket No. __
                                                :
---------------------------------------------------------------------x

### ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY SQUIRE PATTON BOGGS (US) LLP AS SPECIAL COUNSEL EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "**Application**")[2] of the Debtors for entry of an order authorizing the retention and employment of Squire Patton Boggs (US) LLP ("**Squire Patton Boggs**" or the "**Firm**") as special counsel to the Debtors, effective as of the Petition Date, as more fully described in the Application; and upon consideration of the Holman Declaration, the Crabb Declaration, and the First Day Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Application and the relief requested therein being a core proceeding

---

[1] The Debtors in these proceedings (including the last four digits of their respective taxpayer identification numbers) are: Nuverra Environmental Solutions, Inc. (7117), Appalachian Water Services, LLC (0729), Badlands Leasing, LLC (2638), Badlands Power Fuels, LLC (DE) (8703), Badlands Power Fuels, LLC (ND) (1810), Heckmann Water Resources Corporation (1194), Heckmann Water Resources (CVR), Inc. (1795), Heckmann Woods Cross, LLC (9761), HEK Water Solutions, LLC (8233), Ideal Oilfield Disposal, LLC (5796), Landtech Enterprises, L.L.C. (9022), NES Water Solutions, LLC (3421), Nuverra Total Solutions, LLC (6218), and 1960 Well Services, LLC (5084). The Debtors' corporate headquarters is located at 14624 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85254.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Application.

01:21272523.12

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided under the particular circumstances, and it appearing that no other or further notice need be provided;; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. Pursuant to sections 327(e), 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized and empowered to retain and employ Squire Patton Boggs as special counsel to the Debtors effective as of the Petition Date, on the terms set forth in the Application, the Engagement Letter, and the Holman Declaration.

3. Squire Patton Boggs' fees and expenses shall be subject to the prior approval of this Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.

4. Any and all payments arising under or in connection with or authorized to be made by this Order, or otherwise relating to the relief requested in the Application, shall be subject to the interim and final orders of this Court in these chapter 11 cases approving the Debtors' debtor-in-possession financing facilities, and the related budgets as approved by the lenders under such facilities.

5. The Debtors are authorized to take all actions necessary to implement the relief granted pursuant to this Order in accordance with the Application.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: Wilmington, Delaware
       May ___, 2017

                                            KEVIN J. CAREY
                                            UNITED STATES BANKRUPTCY JUDGE