**EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------------------x
                                                   :
                                                   :
                                                   :
In re:                                             :   Chapter 11
                                                   :
Nuverra Environmental Solutions, Inc., et al.,¹    :   Case No. 17–10949 (KJC)
                                                   :
                 Debtors.                          :   (Jointly Administered)
                                                   :
                                                   :   RE: Docket No. __
                                                   :
-------------------------------------------------------------------x
```

### ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF LAZARD FRÈRES & CO. LLC AND LAZARD MIDDLE MARKET LLC AS INVESTMENT BANKER TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE, AND (II) WAIVING CERTAIN INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2

Upon consideration of the application (the "**Application**")[2] of the Debtors for

entry of an order (this "**Order**") authorizing the Debtors to retain and employ Lazard Frères &

Co. LLC ("**Lazard Frères**") and Lazard Middle Market LLC ("**LMM**" and together with Lazard

Frères, "**Lazard**") as investment banker; this Court having reviewed the Application, the First

Day Declaration, and the Torgove Declaration; and this Court finding that: (a) this Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing

Order, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) Lazard does not hold

or represent any interest adverse to the Debtors' estates with respect to the matters upon which it

---

[1]     The Debtors in these proceedings (including the last four digits of their respective taxpayer identification numbers) are:  Nuverra Environmental Solutions, Inc. (7117), Appalachian Water Services, LLC (0729), Badlands Leasing, LLC (2638), Badlands Power Fuels, LLC (DE) (8703), Badlands Power Fuels, LLC (ND) (1810), Heckmann Water Resources Corporation (1194), Heckmann Water Resources (CVR), Inc. (1795), Heckmann Woods Cross, LLC (9761), HEK Water Solutions, LLC (8233), Ideal Oilfield Disposal, LLC (5796), Landtech Enterprises, L.L.C. (9022), NES Water Solutions, LLC (3421), Nuverra Total Solutions, LLC (6218), and 1960 Well Services, LLC (5084).  The Debtors' corporate headquarters is located at 14624 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85254.

[2]     Each capitalized term used, but not otherwise defined herein, shall have the meaning ascribed to such term in the Application.

is to be employed, (d) Lazard is a "disinterested person" as contemplated under sections 327 and 328 of the Bankruptcy Code, and (e) employment of Lazard is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; and this Court finding that notice of the Application given by the Debtors was sufficient under the circumstances; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court being fully advised on the premises and having determined that the legal and factual bases set forth in the Application and the Torgove Declaration establish just cause for the relief herein granted; and after due deliberation and cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED as set forth herein.

2.      The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, to engage Lazard as their investment banker in their chapter 11 cases, effective as of the Petition Date, pursuant to the terms of the Engagement Agreement and the Indemnification Letter, as modified herein.

3.      All of Lazard's compensation as set forth in the Engagement Agreement, including, without limitation, the Monthly Fee, the Financing Fee, the Restructuring Fee, the expense reimbursement, and the indemnification and related obligations are approved pursuant to section 328(a) of the Bankruptcy Code.

4.      Lazard shall file fee applications for monthly, interim, and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court; *provided, however*, that Lazard shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code and that

Lazard's fees and expenses shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code.

5.      Notwithstanding paragraphs 2 through 4 of this Order and any provision to the contrary in the Application, the Engagement Agreement, or the Indemnification Letter, the U.S. Trustee shall have the right to object to Lazard's request for compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, and not section 328(a) of the Bankruptcy Code.  This Order and the record relating to this Court's consideration of the Application shall not prejudice the rights of the U.S. Trustee to challenge the reasonableness of Lazard's fees under section 330 of the Bankruptcy Code. Accordingly, nothing in this Order or the record relating to this Court's consideration of the Application shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee with respect to the reasonableness of Lazard's fees.  Further, nothing in the Engagement Agreement shall affect or modify the standard of review applicable to an objection by the U.S. Trustee under this paragraph.

6.      In the event that, during the pendency of these cases, Lazard seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Lazard's fee applications and such invoices and time records shall be in compliance with the Local Rules and shall be subject to approval of this Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, Lazard shall only be reimbursed for any legal fees incurred in

01:19338845.9

connection with the Debtors' chapter 11 cases to the extent permitted under applicable law and

the decisions of this Court.

       7.      The indemnification provisions and related set forth in the Indemnification

Letter are approved, subject during the pendency of the Debtors' chapter 11 cases to the

following:

    a.     subject to the provisions of subparagraphs (b) and (d) below, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons (as defined in the Indemnification Letter) in accordance with the Indemnification Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Agreement;

    b.     notwithstanding subparagraph (a) above or any provisions of the Engagement Agreement to the contrary, the Debtors shall have no obligation to indemnify Lazard or provide contribution or reimbursement to Lazard (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Lazard's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of Lazard's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co., et al.*, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (d) *infra*, to be a claim or expense for which Lazard should not receive indemnity, contribution or reimbursement under the terms of the Indemnification Letter, as modified by the Order ;

    c.     if, during the pendency of the Debtors' chapter 11 cases, the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph (b) above (i.e., bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct, or for a contractual dispute in which the Debtors allege the breach of Lazard's contractual obligations if this Court determines that indemnification would not be permissible pursuant to the *United Artists* decision) and Lazard makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the proviso set forth in the second sentence of the contribution provisions in the Indemnification Letter shall not apply; and

d.      if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Debtors' cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the Debtors' chapter 11 cases, Lazard believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Indemnification Letter, as modified by this Order, including without limitation the advancement of defense costs, Lazard must file an application therefore in this Court, and the Debtors may not pay any such amounts to Lazard before the entry of an order by this Court approving such payment. This subparagraph (d) is intended only to specify the period during which this Court shall have jurisdiction over any request by Lazard for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify.

8.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order of this Court, or any guidelines established by the U.S. Trustee regarding submission and approval of fee applications, Lazard and its professionals shall be excused from: (a) the requirement to maintain or provide detailed time records for services rendered postpetition and (b) providing or conforming to any schedule of hourly rates. Instead, notwithstanding that Lazard does not charge for its services on an hourly basis, Lazard will be entitled to maintain time records (in summary format) of its services rendered for the Debtors in half-hour (0.50) increments, not tenth-hour (0.10) increments, setting forth, in summary format, a description of the services rendered and the professionals rendering such services, and will present such records together with its fee applications filed with this Court.

9.      The second sentence of paragraph 11 of the Engagement Agreement regarding any fiduciary relationships shall have no force and effect during the Debtors' chapter 11 cases.

10.     To the extent there are any conflicts between this Order and the Application, the Engagement Agreement, or the Torgove Declaration, the terms of this Order shall control.

01:19338845.9

5

11.     Notwithstanding paragraph 10 of the Engagement Agreement, any termination of the Engagement Agreement may only be done on fourteen (14) days written notice from the terminating party to the non-terminating party.

12.     Any and all payments arising under or in connection with or authorized to be made by this Order, or otherwise relating to the relief requested in the Application, shall be subject to the interim and final orders of this Court in these chapter 11 cases approving the Debtors' debtor-in-possession financing facilities, and the related budgets as approved by the lenders under such facilities.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

14.     Notwithstanding anything to the contrary in the Application, the Engagement Agreement, or the Torgove Declaration, this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order and Lazard's retention in the Debtors' chapter 11 cases.

Dated: May _____, 2017
    Wilmington, Delaware

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

01:19338845.9