IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------x
                                                                     :
                                                                     :
In re:                                                               : Chapter 11
                                                                     :
**Nuverra Environmental Solutions, Inc., *et al.*,**[1]              : Case No. 17–10949 (KJC)
                                                                     :
            Debtors.                                                 : (Jointly Administered)
                                                                     :
                                                                     :
                                                                     : Hearing Date: May 31, 2017 at 2:00 p.m. (ET)
                                                                     : Objection Deadline: May 24, 2017 at 4:00 p.m. (ET)
---------------------------------------------------------------------x

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS, EFFECTIVE AS OF THE PETITION DATE**

Nuverra Environmental Solutions, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in these chapter 11 cases hereby submit this motion (the "**Motion**") for the entry of an order, substantially in the form attached hereto as Exhibit C (the "**Proposed Order**"), authorizing, but not directing, the Debtors to retain, employ, and compensate certain professionals utilized in the ordinary course of business, effective as of the Petition Date (as defined below). In support of this Motion, the Debtors respectfully state as follows:

**Background**

1.   On May 1, 2017 (the "**Petition Date**"), each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11

---

[1] The Debtors in these proceedings (including the last four digits of their respective taxpayer identification numbers) are: Nuverra Environmental Solutions, Inc. (7117), Appalachian Water Services, LLC (0729), Badlands Leasing, LLC (2638), Badlands Power Fuels, LLC (DE) (8703), Badlands Power Fuels, LLC (ND) (1810), Heckmann Water Resources Corporation (1194), Heckmann Water Resources (CVR), Inc. (1795), Heckmann Woods Cross, LLC (9761), HEK Water Solutions, LLC (8233), Ideal Oilfield Disposal, LLC (5796), Landtech Enterprises, L.L.C. (9022), NES Water Solutions, LLC (3421), Nuverra Total Solutions, LLC (6218), and 1960 Well Services, LLC (5084). The Debtors' corporate headquarters is located at 14624 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85254.

U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"). The cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases. As of the date hereof, no creditors' committee has been appointed.

2.     On the Petition Date, the Debtors filed the *Debtors' Prepackaged Plans of Reorganization Under Chapter 11 of the Bankruptcy Code* (the "**Plan**") and the related disclosure statement. Voting on the Plan began prior to the Petition Date, but has not yet concluded.

3.     The Plan comprises (i) a separate plan (the "**Nuverra Group Plan**") for all of the Debtors except for Appalachian Water Services, LLC and Badlands Power Fuels, LLC (DE) (the "**Nuverra Group Debtors**"), (ii) a separate plan of reorganization for Appalachian Water Services, LLC (the "**AWS Plan**") and (iii) a separate plan of reorganization for Badlands Power Fuels, LLC (DE) (the "**Badlands (DE) Plan**" and collectively with the Nuverra Group Plan and the AWS Plan, the Plan). The Plan was developed in accordance with the terms of the Restructuring Support Agreement, dated as of April 9, 2017, as amended from time to time (the "**Restructuring Support Agreement**"), among the Debtors and certain supporting noteholders who hold 100% of the outstanding principal amount of the claims arising under a term loan credit agreement, dated April 15, 2016, and approximately 86% in outstanding principal amount of the 12.5%/10.0% senior secured notes due 2021 (the "**Supporting Noteholders**"). The Restructuring Support Agreement obligates the Supporting Noteholders, subject to certain terms and conditions, to vote to approve the Plan. The Debtors expect that, with the affirmative vote of

the Supporting Noteholders, each Plan will be accepted by one or more impaired classes of creditors.

4. Additional factual background relating to the Debtors' business, capital structure, and the commencement of these chapter 11 cases is set forth in the *Declaration of Robert D. Albergotti in Support of Voluntary Petitions, First Day Motions and Applications* [D.I. 12] (the "**First Day Declaration**").

### Facts Specific to the Relief Requested

5. The Debtors customarily retain the services of various attorneys and other professionals in the ordinary course of their business operations (such ordinary course professionals, the "**OCPs**").[2] The OCPs provide services to the Debtors in a variety of discrete matters unrelated to these chapter 11 cases, including, but not limited to, general business, real estate, litigation, and labor and employment matters. Often, the Debtors utilize OCPs in specific locations on a regular basis who are familiar with the legal and other issues that arise in connection with the day-to-day operations of the Debtors' business.

### Jurisdiction

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are sections 105, 327, 328, 330, and 331 of the

---

[2] The Debtors have prepared Exhibit A (the "**OCP List**") based on a review of professionals whose services the Debtors anticipate will be required during these chapter 11 cases. However, the OCP List is not intended to constitute a representation that each party listed thereon will be retained, employed, and paid by the Debtors during the course of these chapter 11 cases. Likewise, there may be additional professionals that will provide services as OCPs but have not yet been identified by the Debtors and thus are not included on the attached OCP List. Accordingly, the Debtors reserve the right to supplement or otherwise amend the OCP List from time to time by filing a supplemental or amended OCP List with the Court in accordance with the procedures set forth herein.

Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

### Relief Requested

7.     The Debtors seek authorization to continue to employ and compensate the OCPs postpetition without each OCP having to file formal retention and fee applications pursuant to sections 327, 328, 329, 330, and 331 of the Bankruptcy Code.  The Debtors request that they be permitted to employ the OCPs, effective as of the Petition Date or, in the case of OCPs to be hired after the Petition Date, as of the date that each such OCP commences providing service to the Debtors, on terms substantially similar to those in effect prior to the Petition Date (to the extent such OCP was rendering services prior to the Petition Date), but subject to the terms and procedures described below.

### Compensation Procedures

8.     The Debtors propose the following procedures for the retention and compensation of the OCPs (the "**OCP Procedures**"):[3]

   i.    Each OCP shall file with the Court, and serve upon:  (a) counsel for the Debtors, (i) Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022, Attn: Sara Coelho, Esq. and Stephen M. Blank, Esq. and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Jaime Luton Chapman, Esq.; (b) the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq.; and (c) any statutorily appointed committee in these chapter 11 cases (collectively, the "**Notice Parties**"), a declaration of disinterestedness (the "**Declaration of Disinterestedness**"), similar to the form attached as Exhibit B hereto, at least fourteen (14) calendar days prior to submitting an invoice to the Debtors.

---

[3]    The OCP Procedures will not apply to attorneys or other professionals retained, or to be retained, by the Debtors pursuant to separate orders of the Court.

01:19371517.10

ii. The Notice Parties shall have fourteen (14) calendar days after service of each OCP's Declaration of Disinterestedness (the "**Objection Deadline**") to object to the retention of such OCP. The objecting party shall file such objection with the Court and serve any such objections upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within fourteen (14) calendar days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date or other date otherwise agreeable to the relevant parties. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized on a final basis to retain and employ such OCP, effective as of the Petition Date (or applicable later date), and to compensate such OCP in accordance with the OCP Procedures.

iii. The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100% of the fees and expenses advanced to each of the OCPs retained by the Debtors in accordance with the OCP Procedures upon the submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date, *provided*, *however*, that the Debtors shall not pay any individual OCP in excess of $30,000 per month, on average over the prior rolling three-month period (the "**OCP Cap**"), for post-petition compensation and reimbursement of post-petition expenses, *provided*, *however*, the Debtors reserve their rights to seek to increase the OCP Cap.

iv. Any fees and expenses payable to an OCP in excess of the OCP Cap shall be subject to prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court authorizing the payment of professionals retained in these chapter 11 cases.

v. Within thirty (30) days of the close of each calendar quarter (each a "**Quarter**"), beginning with the calendar quarter ending July 31, 2017, the Debtors shall file with the Court, and serve on: (a) the U.S. Trustee; (b) counsel to any statutorily appointed committee in these cases; and (c) counsel to any lenders providing debtor-in-possession financing, a statement identifying the aggregate amounts paid to each OCP in the reported Quarter.

vi. The Debtors reserve the right to supplement the OCP List, from time to time as necessary, to add or remove OCPs without the need for any further hearing and without the need to file individual retention applications. In the event the Debtors add an OCP, the Debtors propose to file a supplemental list with the Court and serve it on the Notice Parties.

9. Although some of the OCPs may have an unsecured claim against the Debtors in respect of prepetition services rendered, the Debtors do not believe that any of the OCPs have an interest materially adverse to the Debtors, their creditors, or other parties in interest. By this Motion, the Debtors are not requesting authority to pay prepetition amounts owed to OCPs.

**Basis for Relief**

10. Courts in this District and others consider the following factors in determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code and, as a result, must be retained through express approval of the court:

   i. whether the entity controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization;

   ii. whether the entity is involved in negotiation of the terms of a plan of reorganization;

   iii. whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

   iv. whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

   v. the extent of the entity's involvement in the administration of the debtor's estate; and

   vi. whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g.*, *In re First Merchs. Acceptance Corp.*, No. 97-1500, 1997 WL 73551, at *2 (Bankr. D. Del. Dec. 15, 1997); *In re Johns-Manville Corp.*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986).

11. These factors must be considered in their totality. *See First Merchs.*, 1997 WL 873551, at *3. Considering each of these factors, the Debtors do not believe that all of the OCPs are "professionals" within the meaning of section 327 of the Bankruptcy Code.

01:19371517.10

Specifically, none of the OCPs will be involved in the administration of these chapter 11 cases; rather, they provide services in connection with certain elements of the Debtors' operations. Nevertheless, the Debtors seek the relief requested in this Motion to establish clear mechanisms of retention and payment of the OCPs to avoid any subsequent controversy in relation thereto.

12. The Debtors rely on the assistance of OCPs for essential services that are not bankruptcy-related and the Debtors wish to continue to employ the OCPs to render services similar to those that required by the Debtors prior to the commencement of these chapter 11 cases. However, due to the relatively modest amount of fees that the OCPs bill to the Debtors, it would be inefficient and burdensome to the Debtors to request that each OCP apply separately for approval of its employment and compensation. Furthermore, the procedures outlined herein will relieve the Court and U.S. Trustee of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses, while providing the protections against abuse as described in the OCP Procedures.

13. In addition, certain OCPs may be unfamiliar with the fee application procedures employed in bankruptcy cases and/or unwilling or unable to assume the administrative and financial burden of such procedures. Consequently, some of the OCPs may be unwilling to work with the Debtors if such procedures are imposed, forcing the Debtors to incur additional and unnecessary expenses to retain new professionals unfamiliar with the Debtors' business and the relevant matters.

14. The Debtors submit that the continued employment and compensation of the OCPs in accordance with the OCP Procedures is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest. The Debtors and their estates would be well served by the continued retention of the OCPs because of the OCPs' understanding of the Debtors'

business and the matters on which the OCPs are engaged. Moreover, the Debtors are pursuing a going-concern sale of substantially all of their assets in an effort to maximize the value of their estates for the benefit of all stakeholders. It, therefore, is in the best interests of the Debtors' estates to avoid any disruption that could negatively impact the Debtors' ability to consummate such a sale. Accordingly, based on the foregoing, the Debtors respectfully submit that the relief requested herein should be granted.

15. Any and all payments arising under or in connection with or authorized to be made by the Motion or the Proposed Order shall be subject to the interim and final orders of this Court in these chapter 11 cases approving the Debtors' debtor-in-possession financing facilities and the related budgets as approved by the lenders under such facilities.

### Notice

16. Notice of this Motion will be provided to: (i) the U.S. Trustee; (ii) Fried, Frank, Harris, Shriver & Jacobson LLP, as counsel to the Supporting Noteholders, One New York Plaza, New York, NY 10004, Attn: Brad Eric Scheler and Jennifer Rodburg; (iii) Goldberg Kohn Ltd., as counsel to Wells Fargo Bank, N.A., Revolving Credit Agreement Agent, 55 East Monroe, Suite 3300, Chicago, IL 60603, Attn: Randall Klein, Dimitri Karcazes and Gary Zussman; (iv) Morrison & Foerster LLP, as counsel to Wilmington Savings Fund Society, FSB, Trustee to Senior Secured Second Lien Notes due 2021, and Term Loan Agent, 250 West 55th Street, New York, NY 10019, Attn: Jonathan I. Levine and James A. Newton; (v) Ropes & Gray LLP, as counsel to Wilmington Trust, National Association, Trustee to 9.875% Senior Notes due 2018, Prudential Tower, 800 Boylston Street, Boston, MA 02199, Attn: Mark R. Somerstein; (vi) American Stock Transfer & Trust Company, LLC, as Warrant Agent, 6201 15th Avenue, Brooklyn, NY 11219, Attn: Relationship Manager, and 48 Wall Street, 21st Floor, New York,

NY 10005, Attn: Legal Department; (vii) the 30 largest unsecured creditors of the Debtors, on a consolidated basis; and (viii) all parties that have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit C</u>, granting the relief requested by this Motion and such further relief as may be just and proper under the circumstances.

Dated: Wilmington, Delaware
May 10, 2017

SHEARMAN & STERLING LLP
Douglas P. Bartner
Fredric Sosnick
Sara Coelho
Stephen M. Blank
599 Lexington Avenue
New York, New York  10022
Telephone:  (212) 848-4000
Facsimile:   (646) 848-8174

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Jaime Luton Chapman
Pauline K. Morgan (No. 3650)
Kenneth J. Enos (No. 4544)
Jaime Luton Chapman (No. 4936)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
Telephone: (302) 571-6600
Facsimile: (302)  571-1253

Proposed Counsel to the Debtors and Debtors in Possession