# EXHIBIT C

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------x
:
:
In re:                                              :    Chapter 11
:
**Nuverra Environmental Solutions, Inc.,** *et al.*,[1]  :    Case No. 17–10949 (KJC)
:
Debtors.                          :    (Jointly Administered)
:
:    Ref. Docket No. _____
:
------------------------------------------------------------------x

### ORDER AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS, EFFECTIVE AS OF THE PETITION DATE

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order authorizing the Debtors to retain, employ, and compensate certain professionals utilized in the ordinary course of business, effective as of the Petition Date; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and this Court may enter a final order consistent with Article III of the United States Constitution; and proper and adequate notice of the Motion and the hearing thereon having been given; and it appearing that no other or further notice being necessary; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted

---

[1] The Debtors in these proceedings (including the last four digits of their respective taxpayer identification numbers) are: Nuverra Environmental Solutions, Inc. (7117), Appalachian Water Services, LLC (0729), Badlands Leasing, LLC (2638), Badlands Power Fuels, LLC (DE) (8703), Badlands Power Fuels, LLC (ND) (1810), Heckmann Water Resources Corporation (1194), Heckmann Water Resources (CVR), Inc. (1795), Heckmann Woods Cross, LLC (9761), HEK Water Solutions, LLC (8233), Ideal Oilfield Disposal, LLC (5796), Landtech Enterprises, L.L.C. (9022), NES Water Solutions, LLC (3421), Nuverra Total Solutions, LLC (6218), and 1960 Well Services, LLC (5084). The Debtors' corporate headquarters is located at 14624 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85254.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

01:19371517.10

herein; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, to retain, employ, and compensate the OCPs in the ordinary course of business in accordance with the terms of this Order.

3. The following procedures shall govern the retention and compensation of the OCPs (the "**OCP Procedures**"):

   i    Each OCP shall file with this Court, and serve upon: (a) counsel for the Debtors (i) Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022, Attn: Sara Coelho, Esq. and Stephen M. Blank, Esq. and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Jaime Luton Chapman, Esq.; (b) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Mark Kenney; and (c) counsel to any statutorily appointed committee in these cases (collectively, the "**Notice Parties**"), a declaration of disinterestedness (the "**Declaration of Disinterestedness**") similar to the form attached as Exhibit B to the Motion, at least fourteen (14) calendar days prior to submitting an invoice to the Debtors.

   ii   The Notice Parties shall have fourteen (14) calendar days after service of each OCP's Declaration of Disinterestedness (the "**Objection Deadline**") to object to the retention of such OCP. The objecting party shall file such objection with this Court and serve any such objections upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within fourteen (14) calendar days of its receipt, the matter shall be scheduled for hearing before this Court at the next regularly scheduled omnibus hearing date or other date otherwise agreeable to the relevant parties. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized on a final basis to retain and employ such OCP, effective as of the Petition Date (or applicable later date), and to compensate such OCP in accordance with the OCP Procedures.

01:19371517.10

iii    The Debtors shall be authorized to pay, without formal application to this Court by any OCP, 100% of the fees and expenses advanced to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon the submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date, *provided*, *however*, that the Debtors shall not pay any individual OCP in excess of $30,000 per month, on average over the prior rolling three-month period (the "**OCP Cap**"), for post-petition compensation and reimbursement of post-petition expenses, *provided*, *however*, the Debtors' rights to seek to increase the OCP Cap are reserved.

iv    Any fees and expenses payable to an OCP in excess of the OCP Cap shall be subject to prior approval of this Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court authorizing the payment of professionals retained in these chapter 11 cases.

v    Within thirty (30) days of the close of each calendar quarter (each a "**Quarter**"), beginning with the calendar quarter ending July 31, 2017, the Debtors shall file with this Court, and serve on: (a) the U.S. Trustee; (b) counsel to any statutorily appointed committee in these cases; and (c) counsel to any lenders providing debtor-in-possession financing, a statement identifying the aggregate amounts paid to each OCP in the reported Quarter.

vi    The Debtors reserve the right to supplement the OCP List, from time to time as necessary, to add or remove OCPs without the need for any further hearing and without the need to file individual retention applications. In the event the Debtors add an OCP, the Debtors will file a supplemental list with this Court and serve it on the Notice Parties.

4.    To the extent that any agreement between the Debtors and an OCP provides for the indemnification by the Debtors of such OCP in connection with the services that are the subject of the Motion (each such agreement, an "**OCP Agreement**"), the OCP shall attach the OCP Agreement to the Declaration of Disinterestedness and, upon the retention of the OCP in accordance with the OCP Procedures, the indemnification provisions set forth in the OCP Agreement are approved, subject to the following modifications during the pendency of these chapter 11 cases:

i.    The OCP shall not be entitled to indemnification, contribution, or reimbursement for services provided under the OCP Agreement other than

      those described in such OCP Agreement, unless such services and indemnification therefor are approved by this Court.

   ii. Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the OCP, or provide contribution or reimbursement to the OCP, for any claim or expense related to such OCP Agreement that is: (a) judicially determined (the determination having become final) to have arisen from the OCP's gross negligence or willful misconduct; (b) for a contractual dispute in which the Debtors allege the breach of the OCP's contractual obligations under the OCP Agreement unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (c) settled prior to a judicial determination as to the exclusions set forth in clauses (a) and (b) above, but determined by this Court, after notice and a hearing to be a claim or expense for which the OCP should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by this Order.

   iii. If, before the earlier of (a) entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (b) the entry of an order closing these chapter 11 cases, the OCP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the OCP Agreement (as defined by this Order), including without limitation the advancement of defense costs, the OCP must file an application therefor in this Court, and the Debtors may not pay any such amounts to the OCP before the entry of an order by this Court approving the payment. This subparagraph (iii) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by the OCP for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the OCP. All parties in interest in these chapter 11 cases shall retain the right to object to any demand by the OCP for indemnification, contribution, or reimbursement.

  5. The OCP Procedures will not apply to attorneys or other professionals retained, or to be retained, by the Debtors pursuant to separate orders of this Court.

  6. Any and all payments arising under or in connection with or authorized to be made by this Order, or otherwise relating to the relief requested in the Motion, shall be subject to the interim and final orders of this Court in these chapter 11 cases approving the Debtors'

01:19371517.10

4

5

debtor-in-possession financing facilities, and the related budgets as approved by the lenders under such facilities.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. This Court shall retain jurisdiction with respect to any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
       May___, 2017

                                                               _____
                                                               KEVIN J. CAREY
                                                               UNITED STATES BANKRUPTCY JUDGE