IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
: 
In re: : Chapter 11
: 
Nuverra Environmental Solutions, Inc., et al.,[1] : Case No. 17–10949 (KJC)
: 
Debtors. : (Jointly Administered)
:
: RE: Docket Nos. 5 & 53, 150
:
------------------------------------------------------------x

**FINAL ORDER (I) PROHIBITING UTILITY COMPANIES FROM DISCONTINUING, ALTERING OR REFUSING SERVICE, (II) DEEMING UTILITY COMPANIES TO HAVE ADEQUATE ASSURANCE OF PAYMENT AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an interim order and this final order (this "**Final Order**") (a) prohibiting Utility Companies from discontinuing, altering, or refusing service to the Debtors, (b) deeming the Utility Companies to be adequately assured of payment, and (c) establishing procedures for resolving requests for additional assurance of payment, all as more fully set forth in the Motion; and upon the First Day Declaration; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that venue of these chapter 11 cases and the Motion in this District is proper pursuant to

---

[1] The Debtors in these proceedings (including the last four digits of their respective taxpayer identification numbers) are: Nuverra Environmental Solutions, Inc. (7117), Appalachian Water Services, LLC (0729), Badlands Leasing, LLC (2638), Badlands Power Fuels, LLC (DE) (8703), Badlands Power Fuels, LLC (ND) (1810), Heckmann Water Resources Corporation (1194), Heckmann Water Resources (CVR), Inc. (1795), Heckmann Woods Cross, LLC (9761), HEK Water Solutions, LLC (8233), Ideal Oilfield Disposal, LLC (5796), Landtech Enterprises, L.L.C. (9022), NES Water Solutions, LLC (3421), Nuverra Total Solutions, LLC (6218), and 1960 Well Services, LLC (5084). The Debtors' corporate headquarters is located at 14624 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85254.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

01:21855129.5

28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that, except as otherwise ordered herein, no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to pay on a timely basis and in accordance with their prepetition practices all undisputed invoices for postpetition Utility Services provided by the Utility Companies to the Debtors.

3. Subject to the Assurance Procedures set forth below, no Utility Company may (a) alter, refuse, or discontinue Utility Services to, or discriminate against, the Debtors on the basis of the commencement of these chapter 11 cases or on account of prepetition amounts outstanding or (b) require additional assurance of payment, other than the Utility Deposit, as a condition to the Debtors receiving Utility Services.

4. The Debtors shall serve this Final Order upon each of the Utility Companies listed on Exhibit A attached to the Motion by first-class mail, postage prepaid, within three business days after the date of entry of this Final Order.

5. The Utility Deposit, which the Debtors have placed in the Utility Deposit Account in the aggregate amount of $205,800.00, shall be held in escrow during the pendency of these chapter 11 cases for the purpose of providing each Utility Company adequate assurance of payment of its postpetition Utility Services to the Debtors.

6. The Utility Deposit Account shall be maintained with a minimum balance equal to two weeks of the Debtors' estimated monthly cost of Utility Services, which may be adjusted by the Debtors to account for, among other things, the termination of Utility Services by the Debtors (after final payment of charges for postpetition service), regardless of any Requests (defined below) or agreements with Utility Companies, the addition or removal of Utility Companies, or a prepayment that a Utility Company has on hand.

7. The following Assurance Procedures are approved in their entirety:

(a) If a Utility Company is not satisfied with the assurance of future payment provided by the Debtors, the Utility Company must serve a written request (a "**Request**") upon: (i) the Debtors, Nuverra Environmental Solutions, Inc., 14624 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85254, Attn.: Jason Baskind, Esq.; (ii) co-counsel to the Debtors, (a) Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022, Attn.: Sara Coelho, Esq. and Stephen M. Blank, Esq. and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn.: Jaime Luton Chapman, Esq.; and (iii) proposed co-counsel to the Committee of Unsecured Creditors, (a) Kilpatrick Townsend & Stockton LLP, 1100 Peachtree Street NE, Suite 2800, Atlanta, Georgia 30309, Attn: Michael D. Langford, Esq., Todd C. Meyers, Esq., and Paul M. Rosenblatt, Esq. and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Matthew B. McGuire, Esq.

(b) The Request must: (i) set forth the locations(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each account; (ii) provide a report certifying the Debtors' payment history on each account for the previous twelve months; (iii) disclose any existing security deposit; and (iv) provide a detailed explanation of why the Utility Deposit is not sufficient Adequate Assurance of payment.

(c) Without further order of this Court, the Debtors may enter into agreements granting additional Adequate Assurance to a Utility Company and extending the Debtors' time to file a Determination Motion (as defined below). The Debtors may reduce the amount of the Utility Deposit by any amount allocated to a particular Utility Company to the extent consistent with any alternative adequate assurance arrangements mutually agreed to by the Debtors and the affected Utility Company.

(d) If the Debtors believe a Request is unreasonable, then they shall, within thirty (30) days after receipt of a Request (or such later date as agreed to by the Debtors and the requesting Utility Company), file a motion (the "**Determination Motion**") pursuant to section 366(c)(3) of the Bankruptcy Code seeking a determination from this Court that the Utility Deposit, plus any additional consideration offered by the Debtors, constitutes Adequate Assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Company that is the subject of the unresolved Request may not alter, refuse, or discontinue services to the Debtors.

(e) The Utility Deposit shall be deemed Adequate Assurance of payment for any Utility Company that fails to make a Request.

(f) Pending resolution of any such Determination Motion, the Utility Company filing such Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of the commencement of these chapter 11 cases, unpaid charges for prepetition services, or on account of any objections to the Debtors' proposed Adequate Assurance.

8. The Debtors are authorized, as necessary, to supplement the Utility Service List with Additional Utility Companies as any such Utility Companies are identified, provided that the Debtors shall increase the Utility Deposit by an amount equal to two weeks of the Debtors' estimated monthly cost of Utility Services with respect to an Additional Utility Company. The Debtors shall file a supplement with this Court identifying any such Additional Utility Company and serve the Additional Utility Company with the Motion and this Final Order within three business days after the supplement is filed with this Court. Any Additional Utility Companies shall be subject to the terms of this Final Order, including, but not limited to, the Assurance Procedures.

9. Nothing in this Final Order or the Motion shall: (a) be deemed to vacate or modify any other restrictions on the termination of service by a Utility Company as provided by sections 362 and 366 of the Bankruptcy Code or other applicable law; (b) constitute assumption or adoption of any contract or lease pursuant to section 365 of the Bankruptcy Code; (c) be deemed a waiver by the Debtors of any right with respect to the assumption or rejection of an

01:21855129.5

executory contract or unexpired lease; (d) be deemed or construed as an admission as to the validity or priority of any claim against the Debtors; or (e) be deemed or construed as a waiver of the Debtors' rights to dispute any claim or invoice under the Bankruptcy Code or applicable non-bankruptcy law.

10. Upon the effective date of a chapter 11 plan in these chapter 11 cases, the Debtors may close the Utility Deposit Account without any further notice or hearing.

11. Any and all payments arising under or in connection with or authorized to be made by this Final Order, or otherwise relating to the relief requested in the Motion, shall be subject to the interim and final orders of this Court in these chapter 11 cases approving the Debtors' debtor-in-possession financing facilities and the related budgets as approved by the lenders under such facilities.

12. Notwithstanding the possible applicability of any Bankruptcy Rule, the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

Dated: Wilmington, Delaware
   June 5, 2017

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

01:21855129.5

5