# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
                                                            :
**In re:**                                                  :    **Chapter 11**
                                                            :
**Nuverra Environmental Solutions, Inc., *et al.*,**[1]     :    **Case No. 17–10949 (KJC)**
                                                            :
                     **Debtors.**                           :    **(Jointly Administered)**
                                                            :
                                                            :    RE: Docket Nos. 8 & 56, 158
------------------------------------------------------------x

## FINAL ORDER AUTHORIZING THE DEBTORS TO CONTINUE TO (I) USE AND MAINTAIN EXISTING BANK ACCOUNTS, (II) USE THEIR EXISTING CASH MANAGEMENT SYSTEM, (III) USE THEIR EXISTING BUSINESS FORMS AND (IV) MAKE INTERCOMPANY TRANSACTIONS

Upon the motion (the "**Motion**")[2] of Nuverra Environmental Solutions, Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") for entry of an order authorizing the Debtors to (a) maintain existing bank accounts, (b) continue use of their existing cash management system, (c) continue use of their existing business forms and (d) continue Intercompany Transactions, all as more fully set forth in the Motion; and upon the *Declaration of Robert D. Albergotti in Support of Voluntary Petitions, First Day Motions and Applications*; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February

---

[1] The Debtors in these cases (including the last four digits of their respective taxpayer identification numbers) are: Nuverra Environmental Solutions, Inc. (7117), Appalachian Water Services, LLC (0729), Badlands Leasing, LLC (2638), Badlands Power Fuels, LLC (DE) (8703), Badlands Power Fuels, LLC (ND) (1810), Heckmann Water Resources Corporation (1194), Heckmann Water Resources (CVR), Inc. (1795), Heckmann Woods Cross, LLC (9761), HEK Water Solutions, LLC (8233), Ideal Oilfield Disposal, LLC (5796), Landtech Enterprises, L.L.C. (9022), NES Water Solutions, LLC (3421), Nuverra Total Solutions, LLC (6218), 1960 Well Services, LLC (5084). The Debtors' corporate headquarters is located at 14624 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85254.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

01:21988245.2

29, 2012; and it appearing that venue of these chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a FINAL BASIS as set forth in this order (this "**Final Order**").

2. <u>Maintenance of Bank Accounts</u>. Pursuant to section 363 of the Bankruptcy Code, the Debtors, in their discretion, are authorized and empowered to: (a) designate, maintain and continue to use any and all of the bank accounts in existence as of the Petition Date and identified in Exhibit A to the Motion (the "**Bank Accounts**"), with the same account numbers, styles and document forms as those employed during the prepetition period; *provided, however*, that the Debtors shall direct the financial institutions where the Bank Accounts are maintained (collectively, the "**Banks**") to internally code the Bank Accounts as debtor-in-possession accounts; (b) open new accounts wherever they are needed; *provided, however*, that the Debtors shall give the U.S. Trustee, Wells Fargo Bank, N.A., the Supporting Noteholders, and the Official Committee of Unsecured Creditors (the "**Committee**") notice within 15 days of opening any such new account and any new account shall be opened at a Bank that has executed, or is willing to execute, a Uniform Depositary Agreement with the U.S. Trustee; (c) treat the Bank Accounts for all purposes as accounts of the Debtors in their capacity as debtors in possession; and (d) close any Bank Account in the Debtors' discretion; *provided,*

01:21988245.2

2

*however*, that the Debtors shall give the U.S. Trustee, Wells Fargo Bank, N.A., the Supporting Noteholders, and the Committee notice following any such account closure. Any new accounts opened pursuant to this Final Order shall be governed by the provisions hereof.

3. The Banks are authorized to honor the Debtors' requests to open or close, as the case may be, such bank accounts or additional bank accounts effective as of the Petition Date.

4. <u>Cash Management System</u>. The Debtors are authorized, but not directed, to continue to use the Cash Management System, including any intercompany transfers among Bank Accounts in accordance with the ordinary course and historical practices of the Cash Management System; *provided* they maintain detailed records reflecting all transfers of funds, so that all such transactions, including prepetition and postpetition transactions, may be readily ascertained, traced and recorded properly on applicable accounts.

5. The Debtors are further authorized to honor and pay all obligations related to the Cash Management System, including all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System, as described in the Motion and in accordance with any order authorizing the use of cash collateral or postpetition financing.

6. The Debtors may, in their sole discretion, disburse funds by debit, check, wire transfer, ACH payments and other similar methods and as described in the Motion.

7. The Banks are authorized to continue to treat, service, and administer the Bank Accounts as accounts of the respective Debtor as a debtor-in-possession without interruption and in the usual and ordinary course and to receive, process and honor and pay, to

the extent of available funds, any and all post-petition checks, drafts, wires, or ACH transfers drawn on the Bank Accounts by the holders or makers thereof, as the case may be.

8. The Banks are authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtors' accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of the Debtors' accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

9. A Bank may rely on the representations of the Debtor with respect to whether any check, item or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this or any other order of this Court, and no Bank shall have any liability to any party for relying on any such representations by the Debtors. The Banks have no duty to independently inquire as to whether such payments are authorized by an order of this Court.

10. Any and all payments arising under or in connection with or authorized to be made by this Final Order, or otherwise relating to the relief requested in the Motion, shall be subject to the interim and final orders of this Court in these chapter 11 cases approving the Debtors' debtor-in-possession financing facilities, and the related budgets as approved by the lenders under such facilities.

01:21988245.2

4

11. No Bank that implements reasonable handling procedures designed to effectuate the terms of this Final Order, but which then incorrectly honors a prepetition check or other item drawn on any account that is the subject of this Final Order as a result of an innocent mistake made despite implementation of such handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Interim Order on account of such mistake.

12. The Banks shall not be liable to any party on account of (i) following the Debtors' instructions or representations as to any order of this Court, (ii) the honoring of any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (iii) an innocent mistake made despite implementation of reasonable item handling procedures.

13. Notwithstanding anything herein to the contrary, those certain existing deposit agreements between the Debtors and the Banks (including the existing deposit account control agreements) shall continue to govern the post-petition Cash Management System between the Debtors and the Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect, and either the Debtors or the Banks may, without further order of this Court, implement changes to the Cash Management System in the ordinary course of business pursuant to terms of those certain existing deposit agreements, including, without limitation, the opening and closing of bank accounts.

14. Any third-party service provider with whom the Debtors directly or indirectly have contracted to provide services in connection with the operation of the Cash

01:21988245.2

5

Management System is authorized to continue to provide to the Debtors those services they provided prior to the Petition Date, absent further order of this Court.

15. <u>Use of Business Forms</u>. The Debtors are authorized, but not directed, to continue to use their Business Forms existing immediately prior to the Petition Date without alteration or change and without the designation "Debtor in Possession" or a Debtor in Possession case number imprinted upon them and are granted a waiver of the requirement that the legend "DIP" or "Debtor in Possession" be printed on their checks; *provided, however*, that the Debtors shall imprint the legend "DIP" or "Debtor in Possession" on any new stock of checks purchased for use during the pendency of the chapter 11 cases, unless such requirement is waived by further order of this Court, and shall note "DIP" or "Debtor-in-Possession" on electronically printed checks.

16. <u>Intercompany Transactions</u>. The Debtors are authorized to continue performing intercompany transactions arising from or related to the operation of their business in the ordinary course (the "**Intercompany Transactions**"); *provided, however*, that nothing in this Final Order shall authorize any transaction between the Debtors and a non-Debtor affiliate.

17. In connection with the Intercompany Transactions, the Debtors shall continue to maintain current records with respect to all transfers such that all Intercompany Transactions may be readily ascertained, traced and properly recorded. The Debtors shall provide the Committee's professionals with monthly reporting of postpetition Intercompany Transactions.

18. Any Debtor making an Intercompany Transactions to another Debtor shall be afforded a superpriority administrative expense status pursuant to section 364(c)(1) of the Bankruptcy Code on account of such Intercompany Transaction; provided, however, that such

superpriority administrative expense claims shall remain subject, and subordinate, to any superpriority administrative expense claims pursuant to section 364(c)(1) of the Bankruptcy Code granted to the lenders under the Debtors' debtor-in-possession financing facilities and the Debtors' prepetition lenders pursuant to the interim and final orders of this Court in these chapter 11 cases approving the Debtors' debtor-in-possession financing facilities.

19. The Debtors are authorized to use their consolidated Cash Management System; *provided, however*, that the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor.

20. The requirements of Bankruptcy Rule 6004(h), to the extent applicable, are hereby waived, and this Final Order shall be immediately effective and enforceable upon its entry.

21. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Final Order, and the Debtors may, in their discretion and without further delay, take any action and perform any act necessary to implement the relief granted in this Final Order.

22. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Final Order.

Dated: Wilmington, Delaware
June 5, 2017

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

01:21988245.2

7