# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
: 
In re:                                            : Chapter 11
                                                  : 
                                                  : Case No. 17– 10949 (KJC)
Nuverra Environmental Solutions, Inc., *et al.*,[1]  :
                                                  : (Jointly Administered)
         Debtors.                                 :
                                                  : RE: Docket No. 78, 153
------------------------------------------------------------x

## ORDER ESTABLISHING PROCEDURES FOR THE SALE OF CERTAIN PROPERTY OF DE MINIMIS VALUE

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for entry of an order authorizing the Debtors to establish uniform procedures for the sale of certain property of their estates of *de minimis* value during the pendency of the Chapter 11 Cases; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b); and it appearing that venue of these proceedings and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors and their estates, creditors, and other parties-in-interest; and it appearing that proper

---

[1] The Debtors in these cases (including the last four digits of their respective taxpayer identification numbers) are: Nuverra Environmental Solutions, Inc. (7117), Appalachian Water Services, LLC (0729), Badlands Leasing, LLC (2638), Badlands Power Fuels, LLC (DE) (8703), Badlands Power Fuels, LLC (ND) (1810), Heckmann Water Resources Corporation (1194), Heckmann Water Resources (CVR), Inc. (1795), Heckmann Woods Cross, LLC (9761), HEK Water Solutions, LLC (8233), Ideal Oilfield Disposal, LLC (5796), Landtech Enterprises, L.L.C. (9022), NES Water Solutions, LLC (3421), Nuverra Total Solutions, LLC (6218), and 1960 Well Services, LLC (5084). The Debtors' corporate headquarters is located at 14624 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85254.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not required, to sell De Minimis Assets with a selling price of not more than $50,000 for each De Minimis Sale, with an aggregate selling price of not more than $250,000 for sales to a single buyer or affiliates thereof and, with an aggregate selling price of not more than $2,000,000 for all De Minimis Sales, in accordance with the following procedures:

    a) the Debtors shall be authorized to consummate a De Minimis Sale without further order of the Court or notice to any party other than (i) Wells Fargo Bank, N.A. as administrative agent under the DIP Revolving Facility, (ii) Wilmington Savings Fund Society, FSB as administrative agent under the DIP Term Loan Facility, (iii) the Supporting Noteholders (iv) the United States Trustee, (v) counsel to the Official Committee of Unsecured Creditors (the "**Committee**") or (vi) any party known to hold or assert a lien on the *de minimis* assets being sold in a particular transaction (individually, a "**Notice Party**" and collectively, the "**Notice Parties**"), if the Debtors determine in the exercise of their business judgment that such a sale is in the best interest of the estates;

    b) the Debtors shall, at least five (5) business days prior to closing or effectuating such sale or transfer, give written notice of such sale or transfer (such five (5) business day period, the "**Notice Period**") to the Notice Parties (each notice, a "**Sale Notice**");

    c) the content of the Sale Notice shall consist of: (i) identification of the assets being sold or transferred; (ii) identification of the Debtor(s) that directly own such assets; (iii) identification of the purchaser of the assets; (iv) the purchase price and terms of payment, including the cash and other considerations to be paid by the purchaser; (v) net orderly liquidation value for the assets to be sold or transferred as reflected in the Debtors' books and records; (vi) the marketing or sales process, including any fees or commissions to be paid to third parties in connection with the sale; (vii) the significant terms of the sale or transfer; (viii) a statement as to whether the assets are encumbered or unencumbered; (ix) the identities of any known parties holding or asserting Liens in the relevant assets; and (x) any known

2

  affected or interested governmental entity or regulatory body;

d)  if an objection to a De Minimis Sale is properly filed after delivery of written notice by the Debtors and served by a Notice Party prior to the expiration of the Notice Period: (i) the objection shall be deemed a request for a hearing on the objection and De Minimis Sale at the next scheduled hearing that is at least fourteen (14) calendar days after service of the objection; and (ii) the De Minimis Sale may not proceed absent (I) written withdrawal of the objection; or (II) entry of an order by the Court specifically approving the De Minimis Sale;

e)  if no objection to a De Minimis Sale is filed and served by a Notice Party, such De Minimis Sale shall be deemed final and fully authorized by the Court and, unless otherwise agreed to by the proposed purchaser of any De Minimis Assets, all De Minimis Sales shall be free and clear of all Liens, with such Liens attaching only to the sale proceeds in the same validity, extent and priority as immediately prior to the transaction; and

f)  good faith purchasers of such assets shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

3.  The Debtors are authorized to consummate a De Minimis Sale prior to expiration of the Notice Period if all Notice Parties indicate in writing (which may be by e-mail) to the Debtors their intent not to object to such sale.

4.  The Debtors shall file a monthly report of De Minimis Sales with the Bankruptcy Court no more than ten (10) calendar days following the end of any month in which a De Minimis Sale was consummated.

5.  The disclosure requirement set forth in paragraph (4) may be satisfied by filing copies of the Sales Notices relating to the De Minimis Sales consummated in the prior month.

6.  The Debtors are authorized to apply the proceeds of any De Minimis Sale in accordance with the terms of the DIP Facilities.

7. The Debtors reserve the right to file a proposed order with the Court authorizing any particular sale under certification of counsel, should a purchaser require such an order, or should the Debtors deem it prudent and necessary to do so.

8. Sales to "insiders," as defined in section 101 of the Bankruptcy Code, are not covered by this Order.

9. All purchasers shall take assets sold by the Debtors pursuant to the Procedures "as is" and "where is," without any representations or warranties from the Debtors as to quality or fitness of such assets for either their intended or any particular purpose.

10. The Debtors are authorized to pay those necessary fees and expenses incurred in connection with the sale of De Minimis Assets ("**Sale Fees**"), including but not limited to commission fees to agents, brokers, auctioneers and liquidators; *provided, however*, that the Debtors shall only pay such Sale Fees in a manner that complies with the credit agreements governing the DIP Facilities and the interim and final orders of this Court in these chapter 11 cases approving the Debtors' debtor-in-possession financing facilities.

11. Nothing in the foregoing procedures shall prevent the Debtors, in their sole discretion, from seeking Court approval at any time of any proposed transaction upon notice and a hearing.

12. Nothing contained in this Order shall waive, excuse, or otherwise modify the credit agreements governing the DIP Facilities or the restrictions on assets sales contained therein.

13. The requirements of Bankruptcy Rules 6004(a) and 6004(h), to the extent applicable, are hereby waived, and this Order shall be immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
June 5, 2017

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE