**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| Nuvera Environmental Solutions, Inc., *et al.,*[1] | ) |
| | ) Case No. 17–10949 (KJC) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |
| | ) **Re D.I.s: 10, 58 and 117** |
| | ) **Hearing Date: June 5, 2017 at 2:00 p.m.** |

**REPLY TO OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507 [D.I. 117] AND JOINDER TO DEBTORS' REPLY [D.I. 138]**

Well Fargo Bank, National Association, as agent ("DIP Revolving Facility Agent"), by and through its undersigned counsel, hereby submits this reply to the *Objection of the Official Committee of Unsecured Creditors to Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Financing on an Interim Basis and (B) Utilize Cash Collateral of Prepetition Secured Parties on an Interim Basis, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay, (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363(c), (d) and (e), 364(c), (d), and (e) and 507(b), and (V) Scheduling a Final Hearing Authorizing Financing on a Final Basis Pursuant to Bankruptcy Rule 4001(b) and (c)* [D.I. 117] ("Committee DIP Objection") filed by the Official Committee of

---

[1] The Debtors in these Cases (including the last four digits of their respective taxpayer identification numbers) are: Nuvera Environmental Solutions, Inc. (7117), Appalachian Water Services, LLC (0729), Badlands Leasing, LLC (2638), Badlands Power Fuels, LLC (DE) (8703), Badlands Power Fuels, LLC (ND) (1810), Heckmann Water Resources Corporation (1194), Heckmann Water Resources (CVR), Inc. (1795), Heckmann Woods Cross, LLC (9761), HEK Water Solutions, LLC (8233), Ideal Oilfield Disposal, LLC (5796), Landtech Enterprises, L.L.C. (9022), NES Water Solutions, LLC (3421), Nuvera Total Solutions, LLC (6218), and 1960 Well Services, LLC (5084).  The Debtors' corporate headquarters is located at 14624 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85254.

Unsecured Creditors (the "Committee").  In support of its reply, DIP Revolving Facility Agent respectfully states as follows[2]:

1.      The DIP Revolving Facility Agent and the DIP Revolving Facility Lenders join in the *Debtors' Reply in Support of the Motion (I) Authorizing the Debtors to (A) Obtain Financing on an Interim Basis and (B) Utilize Cash Collateral of Prepetition Secured Parties on an Interim Basis, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay, (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363(c), (d) and (e), 364(c), (d), and (e) and 507(b), and (V) Scheduling a Final Hearing Authorizing Financing on a Final Basis Pursuant to Bankruptcy Rule 4001(b) and (c)* [D.I. 138] ("Debtors' Reply")  for each of the reasons set forth therein.

2.      As a supplement to the various arguments set forth in the Debtors' Reply, the DIP Revolving Facility Agent files this reply to clarify the record with respect to several material factual inaccuracies set forth in the Committee DIP Objection.

3.      Central to the Committee's arguments is the notion that the DIP Revolving Facility provided by the DIP Revolving Facility Lenders does not provide any additional liquidity to the Debtors.  This is simply false.  The DIP Revolving Facility provides $31,500,000 of revolving loan commitments and the amount available to be drawn by the Debtors is the amount of such commitments less the outstanding Existing Revolving Facility Obligations other than the Restructuring Fee.  As noted in the Interim Order, as of the Petition Date, the outstanding Existing Revolving Facility Obligations (other than the Restructuring Fee) was

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the *Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors To (A) Obtain Financing on an Interim Basis and (B) Utilize Cash Collateral of Pre- Petition Secured Parties on an Interim Basis, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay, (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363(c), (d) and (e), 364(c), (d) and (e) And 507(b), and (V) Scheduling a Final Hearing Authorizing Financing on a Final Basis Pursuant to Bankruptcy Rule 4001(b) and (c)* [D.I. 10] (the "DIP Financing Motion") and the Interim Order granting same [D.I. 58].

approximately $24.5 million.  Thus, the DIP Revolving Facility provides the Debtors with almost $7 million of additional "new money" (subject to the conditions set forth in the DIP Revolving Facility Documents), which, if fully utilized, represents an increase in the exposure of the DIP Revolving Facility Lenders of almost 30%.

4.      When a prepetition secured lender provides "new money" DIP financing, the concessions that the Debtors have agreed to, in the exercise of the Debtors' business judgment and after extensive negotiations, are reasonable and customary protections routinely granted to DIP lenders. The Committee admitted as much in the Committee's DIP Objection.  D.I. 117, ¶ 1 ("a roll-up is typically justified because a DIP lender is providing substantial new money above the amount the prepetition loan is reduced.").

5.      With respect to the Restructuring Fee, the Committee attempts to characterize the Restructuring Fee as a fee incurred under the DIP Revolving Facility and as a "fee for what is plainly the continued consensual use of cash collateral." (D.I. 117, ¶ 2)  In reality, as clearly noted in the DIP Financing Motion and the Interim Order, under the Existing Revolving Facility Documents, the fee was incurred and fully earned on March 24, 2016, over a year before the Petition Date.   Rather than charging an "excessive" fee under the DIP Revolving Facility, the Existing Revolving Facility Lenders have actually agreed to waive the Restructuring Fee, subject to satisfaction of the conditions set forth in the Interim Order.

6.      In response to the Committee's DIP Objection, the Debtors have filed a proposed form of Final Order with changes in respect of the Carve-Out.  (D.I. 140)  The Existing Revolving Facility Lenders and the DIP Revolving Facility Lenders have not agreed to such changes to the proposed Final Order.  However, the Existing Revolving Facility Lenders and the DIP Revolving Facility Lenders are engaging in discussions with the Debtors, the Existing Term

Facility Lenders and the DIP Term Facility Lenders to reach a mutually agreed upon resolution with respect to the Carve-Out.

7.       The DIP Revolving Facility Agent respectfully requests that this Court overrule the objection of the Committee and enter the Final Order as agreed to by the DIP Revolving Facility Lenders and the DIP Term Facility Lenders and, subject to resolution of the Carve-Out as noted in the prior paragraph, as submitted by the Debtors.

Dated:  June 5, 2017                    **WELL FARGO BANK, NATIONAL ASSOCIATION**, as Agent


  */s/ Daniel N. Brogan*

DLA PIPER
Stuart Brown (DE 4050)
Daniel N. Brogan (DE 5723)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile:  (302) 394-2341
stuart.brown@dlapiper.com
daniel.brogan@dlapiper.com

GOLDBERG KOHN LTD.
Dimitri G. Karcazes (admitted *pro hac vice*)
Prisca M. Kim (admitted *pro hac vice*)
Jacob H. Marshall (admitted *pro hac vice*)
55 East Monroe, Suite 3300
Chicago, Illinois  60603
Telephone:  (312) 201-4000
Facsimile:  (312) 332-2196
dimitri.karcazes@goldbergkohn.com
prisca.kim@goldbergkohn.com
jacob.marshall@goldbergkohn.com


*Counsel for Wells Fargo Bank, National Association, as Agent*

EAST\143865088.1