IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                           :

In re:                                           :     Chapter 11

Nuverra Environmental Solutions, Inc., *et al.*,[1]   :     Case No. 17–10949 (KJC)

                Debtors.                       :     (Jointly Administered)

                                                         :     RE: Docket Nos. 9 & 57
                                                         :
---------------------------------------------------------------x

## ORDER AUTHORIZING (I) DEBTORS TO PAY CERTAIN CRITICAL BUSINESS CLAIMS IN THE ORDINARY COURSE OF BUSINESS, (II) AUTHORIZING APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS, AND (III) GRANTING RELATED RELIEF

Upon the *Motion of the Debtors for Entry of Interim and Final Order (I) Authorizing the Debtors to Pay Prepetition General Unsecured Claims in the Ordinary Course of Business, (II) Authorizing the Applicable Banks and Other Financial Institutions to Honor and Process Related Checks and Transfers, and (III) Granting Related Relief* [D.I. 9] (the "**Motion**");[2] and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and

---

[1] The Debtors in these proceedings (including the last four digits of their respective taxpayer identification numbers) are: Nuverra Environmental Solutions, Inc. (7117), Appalachian Water Services, LLC (0729), Badlands Leasing, LLC (2638), Badlands Power Fuels, LLC (DE) (8703), Badlands Power Fuels, LLC (ND) (1810), Heckmann Water Resources Corporation (1194), Heckmann Water Resources (CVR), Inc. (1795), Heckmann Woods Cross, LLC (9761), HEK Water Solutions, LLC (8233), Ideal Oilfield Disposal, LLC (5796), Landtech Enterprises, L.L.C. (9022), NES Water Solutions, LLC (3421), Nuverra Total Solutions, LLC (6218), and 1960 Well Services, LLC (5084). The Debtors' corporate headquarters is located at 14624 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85254.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Motion.

01:21983209.2

the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and an interim order having been entered on May 2, 2017 [D.I. 57] (the "**Interim Order**"); and upon consideration of the objections [D.I. 95 and 116] (the "**Objections**") of (i) Wilmington Trust, National Association, as indenture trustee for the 9.75% Senior Notes Due 2018 (the "**2018 Notes Trustee**") and (ii) the Official Committee of Unsecured Creditors (the "**Committee**"); and the relief requested, as modified herein, being in the best interest of the Debtors and their estates and creditors; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, to pay prepetition amounts owed to those vendors and suppliers providing goods and services critical to the Debtors' business operations (the "**Critical Vendors**") on account of Business Claims in an aggregate amount not to exceed, absent further order of this Court, $3 million (exclusive of amounts paid under the Interim Order), subject to the following conditions:

   (i) Unless the parties agree to different terms and conditions, if a Critical Vendor that holds a Business Claim accepts payment (a "**Business Claim Payee**"), such Business Claim Payee is deemed to agree to continue to provide goods or services to the Debtors, on terms that are as good as or better than the terms and conditions (including credit terms) contained in any binding prepetition contract with the Debtors or, in the absence of such contract, such terms and conditions that existed 120 days prior to the date of the commencement of these cases (collectively, the "**Customary Terms**"), during the pendency of these chapter 11 cases;

(ii) In the event that a Business Claim Payee does not have a binding prepetition contract with the Debtors and its relationship with the Debtors does not extend to 120 days before the Petition Date, the Customary Terms shall mean the terms that the Business Claim Payee generally extends to its customers or such terms as are acceptable to the Debtors in the reasonable exercise of their business judgment;

(iii) If a Business Claim Payee accepts payment and thereafter does not continue to provide goods or services on at least the Customary Terms (or as otherwise agreed by the Debtors) during the pendency of these chapter 11 cases, then the Debtors may, in their discretion, deem (i) any payment on a prepetition claim received by such Business Claim Payee to be an unauthorized voidable postpetition transfer under section 549 of the Bankruptcy Code and, therefore, (a) recoverable by the Debtors in cash upon written request and (b) upon recovery by the Debtors, any such prepetition claim shall be reinstated as if the payment had not been made; or (ii) such payment to apply instead to any postpetition amount that may be owing to such trade creditor;

(iv) If the Debtors seek to recover a payment from a trade creditor because the trade creditor does not continue to provide goods or services to the Debtors on at least the Customary Terms during the pendency of and after these chapter 11 cases, the Business Claim Payee may contest such action by making a written request (a "**Request**") to the Debtors to schedule a hearing before this Court. If such a Request is made, the Debtors shall provide notice of a hearing on such Request to the trade creditor making the Request and other interested parties in accordance with the Bankruptcy Code and the orders of this Court; and

(v) Prior to making a payment on disputed claims to a trade creditor under the Orders, the Debtors may settle all or some of the disputed prepetition claims of such Business Claim Payee for less than their face amount without further notice or hearing.

3. Notwithstanding the entry of this Order, if the Plan is not confirmed, then upon the filing of a motion by either the 2018 Notes Trustee or the Committee, the Court will reconsider the relief granted herein on a de novo basis. The burden of proof with respect to the relief requested in the Motion shall remain with the Debtors, and the Objections and the rights of the Committee and the 2018 Notes Trustee with respect to the relief requested in the Motion are

hereby reserved. In the event the Plan is confirmed, the Objections will be moot and deemed withdrawn.

4. All applicable banks and other financial institutions are authorized to rely on the Debtors' direction to pay amounts in accordance with this Order, provided that sufficient funds are available in the applicable accounts to make the payments.

5. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of the chapter 11 cases with respect to prepetition amounts owed in connection with any Business Claim paid to a Critical Vendor.

6. Nothing in this Order: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; or (iv) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the Debtors. Any payment made pursuant to this Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

7. Nothing contained in the Motion or this Order is intended or should be construed to create an administrative expense priority on account of any Business Claim.

8. Any and all payments arising under or in connection with or authorized to be made by this Order, or otherwise relating to the relief requested in the Motion, shall be subject to the interim and final orders of this Court in these chapter 11 cases approving the Debtors' debtor-in-possession financing facilities and the related budgets as approved by the lenders under such facilities.

9. The requirements of Bankruptcy Rule 6004(h), to the extent applicable, are hereby waived, and this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: June 5, 2017
Wilmington, Delaware

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE