## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nuverra Environmental Solutions, Inc., *et al.*,[1] | Case No.: 17–10949 (KJC) |
| Debtors. | (Jointly Administered) |

**Hearing Date: June 28, 2017 at 3:00 p.m. (ET)**
**Objection Deadline: June 21, 2017 at 4:00 p.m. (ET)**

### APPLICATION TO EMPLOY AND RETAIN LANDIS RATH & COBB LLP AS DELAWARE COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO THE RETENTION DATE, PURSUANT TO BANKRUPTCY CODE SECTIONS 328 AND 1103(a)

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this *Application to Employ and Retain Landis Rath & Cobb LLP as Delaware Counsel to the Official Committee of Unsecured Creditors, Nunc Pro Tunc to the Retention Date, Pursuant to Bankruptcy Code Sections 328 and 1103(a)* (the "Application"). In support of the Application, the Committee also files the *Affidavit of Matthew B. McGuire In Support of Application to Employ and Retain Landis Rath & Cobb LLP as Delaware Counsel to the Official Committee of Unsecured Creditors, Nunc Pro Tunc to the Retention Date, Pursuant to Bankruptcy Code Sections 328 and 1103(a)* (the "McGuire Affidavit"), attached as Exhibit A, and the *Declaration of Sheldon Goldman In Support of the Application to Employ and Retain Landis Rath & Cobb LLP as Delaware Counsel to the Official Committee of Unsecured*

---

[1] The Debtors in these proceedings (including the last four digits of their respective taxpayer identification numbers) are: Nuverra Environmental Solutions, Inc. (7117), Appalachian Water Services, LLC (0729), Badlands Leasing, LLC (2638), Badlands Power Fuels, LLC (DE) (8703), Badlands Power Fuels, LLC (ND) (1810), Heckmann Water Resources Corporation (1194), Heckmann Water Resources (CVR), Inc. (1795), Heckmann Woods Cross, LLC (9761), HEK Water Solutions, LLC (8233), Ideal Oilfield Disposal, LLC (5796), Landtech Enterprises, L.L.C. (9022), NES Water Solutions, LLC (3421), Nuverra Total Solutions, LLC (6218), and 1960 Well Services, LLC

*Creditors, Nunc Pro Tunc to the Retention Date, Pursuant to Bankruptcy Code Sections 328 and 1103(a)* (the "Goldman Declaration"), attached as Exhibit B, and respectfully states as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2]  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for the relief sought herein are sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (as amended or modified, the "Bankruptcy Code").

## BACKGROUND

3.      On May 1, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code commencing the above-captioned cases (the "Chapter 11 Cases") in the Court.

4.      The Debtors are continuing in possession of their properties and are operating and managing their businesses, as debtors-in-possession, pursuant to Bankruptcy Code sections 1107 and 1108.  No trustee or examiner has been appointed in these Chapter 11 Cases.

---

(5084). The Debtors' corporate headquarters is located at 14624 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85254.

[2] Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Committee hereby confirms its consent to entry of a final order by this Court in connection with this Application if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5.      On May 19, 2017, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed three creditors to the Committee.  One of the Committee members subsequently resigned.  On June 2, 2017, the U.S. Trustee appointed a replacement creditor.  The current members of the committee are: (i) Wilmington Trust Company, N.A., as Indenture Trustee, (ii) SG Aurora Master Fund L.P., c/o S. Goldman Asset Management, LLC, and (iii) David Hargreaves.

6.      On May 23, 2017, the Committee selected Kilpatrick Townsend & Stockton LLP ("KTS") as its proposed counsel.  Also on May 23, 2017 (the "Retention Date"), the Committee selected Landis Rath & Cobb LLP ("LRC") as its proposed Delaware counsel.

## RELIEF REQUESTED

7.      By this Application, the Committee requests that the Court enter an order authorizing the Committee to employ and retain LRC, *nunc pro tunc* to the Retention Date, as Delaware counsel pursuant to Bankruptcy Code sections 328 and 1103(a), so that LRC may render legal services to the Committee during these Chapter 11 Cases.  By separate application, the Committee also will request that the Court approve the employment and retention of KTS as counsel.  LRC has discussed with KTS and the Committee a division of responsibility in order to minimize duplication of efforts on behalf of the Committee.

8.      LRC has informed the Committee that Richard S. Cobb and Matthew B. McGuire partners of LRC, and Travis J. Ferguson and Matthew R. Pierce, associates of LRC, as well as other partners and associates of LRC who will be involved in these Chapter 11 Cases, are members in good standing of various state and federal bars.

## LRC'S QUALIFICATIONS

9.      The Committee selected LRC as its Delaware counsel because of LRC's expertise in the field of debtor and creditor law and business reorganizations under chapter 11 of the

Bankruptcy Code. LRC's attorneys have represented debtors, statutory committees, bank groups, officers and directors, and other parties-in-interest in numerous bankruptcy cases in this district and in other jurisdictions.

10.    Attorneys at LRC have become familiar with the Debtors' business operations and capital structure. Accordingly, the Committee believes that LRC has the necessary background to deal effectively with the many legal issues that may arise in the context of these Chapter 11 Cases. Thus, because of LRC's recognized expertise in bankruptcy law, the Committee believes that the employment and retention of LRC is appropriate and necessary to enable the Committee to execute faithfully its duties as a statutory committee..

## SERVICES TO BE PROVIDED BY LRC

11.    The Committee anticipates that, in connection with these Chapter 11 Cases, LRC will render general legal services as needed, including, but not limited to, the following:

(a)    Render legal advice with respect to the powers and duties of the Committee and the other participants in the Debtors' Chapter 11 Cases;

(b)    Assist the Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' businesses and any other matter relevant to the Debtors' Chapter 11 Cases, as and to the extent such matters may affect the Debtors' creditors;

(c)    Participate in negotiations with parties-in-interest with respect to any disposition of the Debtors' assets, any plan of reorganization and disclosure statement in connection with such plan, and otherwise protect and promote the interests of the Debtors' creditors;

(d)    Assist with the preparation of applications, motions, answers, orders, reports and papers on behalf of the Committee, and appear on behalf of the Committee at Court hearings as necessary and appropriate in connection with the Debtors' Chapter 11 Cases;

(e)    Render legal advice and perform legal services in connection with the foregoing; and

(f)    Perform other legal services in connection with the Debtors' Chapter 11 Cases, as may be requested by the Committee.

12.    LRC has indicated a willingness to act on the Committee's behalf as its counsel in the capacities designated above.

13.    Subject to the Court's approval, LRC will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates as in effect on the date services are rendered.  These rates may change from time to time in accordance with LRC's billing practices and procedures.  LRC will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of legal services described above by category and nature of services rendered.

14.    LRC intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), any administrative order governing professional fees entered in these cases, and any other orders entered in these Chapter 11 Cases for all services performed and expenses incurred on and after the Retention Date.

15.    The Committee proposes to pay LRC its customary hourly rates in effect from time to time for services rendered, as set forth in the McGuire Affidavit, and to reimburse LRC according to its customary reimbursement policies, which rates and policies the Committee believes to be reasonable.  All payments are subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and such further orders of this Court.

## BASIS FOR RELIEF

16.    Bankruptcy Code section 1103(a) provides:

> At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).  Bankruptcy Code section 328(a) provides:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

17.    To the best of the Committee's knowledge, and except as disclosed herein and in the McGuire Affidavit, LRC has no interest in or connection with any creditor or other party-in-interest in the Debtors' pending Chapter 11 Cases, nor to the best of the Committee's knowledge does LRC hold any interest adverse to the interests of the Committee or the Debtors' unsecured creditors, except as set forth in the McGuire Affidavit.

18.    The Committee believes that the employment of LRC is necessary in order to protect the interests of the Debtors' creditors.

## NOTICE AND NO PRIOR REQUEST

19.    Notice of this Application has been provided to the following parties, or their counsel if known: (a) the U.S. Trustee; (b) the Debtors; and (c) all entities that have filed a request for service of pleadings in these Chapter 11 Cases.  The Committee respectfully submits

that, given the administrative nature of the relief requested, no other notice of the relief requested herein need be given.

20.    No prior request for the relief sought in this Application has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests the entry of an order, substantially in the form as attached hereto: (a) authorizing the retention of LRC *nunc pro tunc* to the Retention Date to represent the Committee in these Chapter 11 Cases; and (b) granting such other and further relief as is just and proper.

Dated:  June 7, 2017

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NUVERRA ENVIRONMENAL SOLUTIONS, INC.,** *et al.*

SG Aurora Master Fund L.P., c/o S. Goldman Asset Management, LLC, solely in its capacity as Chair of the Committee and not in its individual capacity,

Name: Sheldon Goldman