**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------x
: 
**In re:**  :  **Chapter 11**
:
**Nuverra Environmental Solutions, Inc.,** *et al.*,[1]  :  **Case No. 17–10949 (KJC)**
:
**Debtors.**  :  **(Jointly Administered)**
:  RE: Docket Nos. 72, 92, 132
:  Objection Deadline: October 24, 2017 at 4:00 p.m. (ET)
:  Hearing Date: November 2, 2017 at 1:30 p.m. (ET)
------------------------------------------------------------x

**SUMMARY OF FIRST AND FINAL APPLICATION OF SHEARMAN & STERLING**
**LLP AS CO-COUNSEL FOR THE DEBTORS FOR ALLOWANCE OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**INCURRED FOR THE PERIOD FROM MAY 1, 2017**
**THROUGH AND INCLUDING AUGUST 6, 2017**

| | |
|---|---|
| Name of Applicant | Shearman & Sterling LLP |
| Name of Client | The above-captioned Debtors and Debtors-in-Possession |
| Time period covered by Application | 5/1/2017 – 8/6/2017 |
| Total fees sought during the Final Fee Period | $2,250,901.50[2] |

---

[1]  The Debtors in these cases (including the last four digits of their respective taxpayer identification numbers) are: Nuverra Environmental Solutions, Inc. (7117), Appalachian Water Services, LLC (0729), Badlands Leasing, LLC (2638), Badlands Power Fuels, LLC (DE) (8703), Badlands Power Fuels, LLC (ND) (1810), Heckmann Water Resources Corporation (1194), Heckmann Water Resources (CVR), Inc. (1795), Heckmann Woods Cross, LLC (9761), HEK Water Solutions, LLC (8233), Ideal Oilfield Disposal, LLC (5796), Landtech Enterprises, L.L.C. (9022), NES Water Solutions, LLC (3421), Nuverra Total Solutions, LLC (6218), and 1960 Well Services, LLC (5084). The Debtors' corporate headquarters is located at 14624 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85254.

[2]  The total fees for which approval is sought is net of voluntary write-offs, including the amounts billed by eight timekeepers, each of whom billed less than 10 hours, and two summer associates who worked 69.4 hours in the aggregate, on matters for the Debtors.

Additionally, as disclosed in the *Debtors' Application for an Order Authorizing the Retention and Employment of Shearman & Sterling LLP as Co-Counsel for the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 72], Shearman & Sterling LLP ("**Shearman & Sterling**") received an advance retainer (the "**Retainer**") of $400,000 for professional services to be performed and expenses to be incurred in connection with the chapter 11 cases. After a final reconciliation of pre-petition fees and expenses, the balance of the Retainer is $286,727.82, and upon approval of the Application, Shearman & Sterling will apply said amount against the total balance owed to Shearman & Sterling, decreasing the amount to be paid by the Debtors to $2,015,828.37 (assuming the full fees and expenses sought herein are approved).

| | |
|---|---|
| Total expenses sought during the Final Fee Period | $51,654.69 |
| Petition Date | May 1, 2017 |
| Retention Date | *Nunc Pro Tunc* to May 1, 2017 |
| Date of order approving employment | June 2, 2017 |
| Total compensation approved by interim order to date | N/A |
| Total expenses approved by interim order to date | N/A |
| Total allowed compensation paid to date | N/A |
| Total allowed expenses paid to date | N/A |
| Blended rate in the Application for all attorneys | $875.51 |
| Blended rate in the Application for all timekeepers | $862.74 |
| Compensation sought in the Application already paid pursuant to a monthly compensation order but not yet allowed | N/A |
| Expenses sought in the Application already paid pursuant to a monthly compensation order but not yet allowed | N/A |
| Number of professionals included in the Application | 21 |
| If applicable, number of professionals in the Application not included in staffing plan approved by client | 7 |
| If applicable, difference between fees budgeted and compensation sought during the Final Fee Period | $1,040,901.50 |
| Number of professionals billing fewer than 15 hours to the cases during the Final Fee Period | 8[3] |
| Are any rates higher than those approved or disclosed at retention? | Yes[4] |

**This is an ___ Interim or  X  Final Fee Application**

---

[3]   Shearman & Sterling voluntarily wrote-off the time of eight timekeepers who each billed less than 10 hours to this matter.

[4]   Effective July 1, 2017, (i) Shearman & Sterling increased its hourly billing rates for certain levels of professionals and paraprofessionals and (ii) the individual rates of certain Shearman & Sterling professionals and paraprofessionals additionally increased on account of annual "step increases" historically awarded by Shearman & Sterling in the ordinary course to professionals and paraprofessionals throughout the firm due to advancing seniority and promotion.

2

**FINAL COMPENSATION BY TIMEKEEPER**

| Name | Title | Department | Date of First Admission | Hourly Billing Rate ($)[5] | Total Billed Hours | Total Compensation ($)[6] |
|---|---|---|---|---|---|---|
| John J. Cannon | Partner | Compensation, Governance & ERISA | 7/6/87 | 1,325.00 | 19.30 | 25,572.50 |
| Fredric Sosnick | Partner | Financial Restructuring & Insolvency | 1/1/92 | 1,325.00 | 367.80 | 473,223.75 |
| Douglas P. Bartner | Partner | Financial Restructuring & Insolvency | 1/17/83 | 1,295.00 | 24.20 | 28,619.50 |
| William J. Roll III | Partner | Litigation | 1/10/80 | 1,295.00 | 110.70 | 135,716.00 |
| Robert Evans III | Partner | Capital Markets | 12/17/85 | 1,295.00 | 3.70 | 4,791.5 |
| Lonappen S. Nallengara | Partner | Capital Markets | 11/1/99 | 1,295.00 | 12.80 | 16,576.00 |
| Ethan D. Harris | Partner | Tax | 4/9/03 | 1,135.00 / 1,165.00 | 1.70 / .30 | 2,279 |
| Nathan Tasso | Counsel | Tax | 9/25/07 | 1,065.00 / 1,075.00 | .40 / 1.40 | 1,931 |
| Daniel Aaron Kahn | Associate | Litigation | 1/27/10 | 895.00 | 90.10 | 80,639.50 |
| Sara Coelho | Associate | Financial Restructuring & Insolvency | 1/30/08 | 895.00 | 534.60 | 473,186.50 |
| Naveen Pogula | Associate | Capital Markets | 2/29/08 | 895.00 | 20.40 | 18,258 |

---

[5] Effective July 1, 2017, (i) Shearman & Sterling increased its hourly billing rates for certain levels of professionals and paraprofessionals and (ii) the individual rates of certain Shearman & Sterling professionals and paraprofessionals additionally increased on account of annual "step increases" historically awarded by Shearman & Sterling in the ordinary course to professionals and paraprofessionals throughout the firm due to advancing seniority and promotion.

[6] Amounts reflect that travel time during which no work was performed was billed at one-half of the regular hourly rates.

| Name | Title | Department | Date of First Admission | Hourly Billing Rate ($)[5] | Total Billed Hours | Total Compensation ($)[6] |
|---|---|---|---|---|---|---|
| Stephen Mark Blank | Associate | Financial Restructuring & Insolvency | 11/5/07 | 865.00 | 340.50 | 569,462.00 |
|  |  |  |  | 895.00 | 309.60 |  |
| Kammy Lai | Associate | Tax | 11/8/12 | 865.00 | 1.80 | 1,557.00 |
| Foteini Teloni | Associate | Financial Restructuring & Insolvency | 8/1/12 | 775.00 | 8.10 | 62,881.50 |
|  |  |  |  | 795.00 | 71.20 |  |
| Emmanuel Bello | Associate | New York Corporate Group | Not yet admitted | 485.00 | 53.90 | 57,928.50 |
|  |  |  |  | 665.00 | 47.80 |  |
| Christian Sae | Associate | New York Corporate Group | 6/19/17 | 485.00 | 375.10 | 255,468.75 |
|  |  |  |  | 665.00 | 112.60 |  |
| Michael Brett | Associate | Litigation | 4/26/07 | 485.00 | 31.50 | 15,277.50 |
| Jerome Mounier | Paralegal/Finance Restructuring Specialist | Financial Restructuring & Insolvency | N/A | 430.00 | 29.70 | 21,862.5 |
|  |  |  |  | 435.00 | 20.90 |  |
| Mariusz Jedrzejewski | Paralegal/Lead Legal Assistant | Litigation | N/A | 325.00 | 3.50 | 1,203.5 |
|  |  |  |  | 330.00 | .20 |  |
| William Wong | Practice Support & E-Discovery Analyst | Practice Support & E-Discovery | N/A | 310.00 | 10.30 | 3,193 |
| Noelle Y. Choi | Paralegal/Legal Assistant | Capital Markets | N/A | 260.00 | 4.90 | 1,274 |
|  |  |  |  | **Total** | **2,609.00** | **2,250,901.50** |

## FINAL COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees ($) |
|---|---:|---:|
| Avoidance Actions | 0 | 0 |
| Business Operations | 86.80 | 72,226.00 |
| Case Administration | 269.90 | 244,869.50 |
| Claims Administration, Reclamation and Objections | 2.10 | 1,840.50 |
| Corporate Governance/Securities | 62.70 | 56,221.00 |
| Court Hearings | 212.70 | 202,977.50 |
| Financing/Cash Collateral | 166.00 | 151,807.00 |
| Disclosure Statement/Plan of Reorg./Confirmation | 1120.40 | 950,507.50 |
| Employee Matters | 37.60 | 44,451.00 |
| Executory Contracts/Leases | 246.80 | 205,843.00 |
| Fee Application/Professional Employment | 93.00 | 64,665.00 |
| Litigation | 218.50 | 194,317.00 |
| Meetings and Communications with Creditors/Vendors | 12.70 | 10,154.50 |
| Non-Working Travel[7] | 59.60 | 33,248.00 |
| Relief from Stay and Adequate Protection | 0 | 0 |
| Schedules/SOFAs | 17.80 | 15,348.00 |
| Tax | 2.10 | 2,280.50 |
| Utilities Matters | .30 | 145.50 |
| **Total** | **2609.00** | **2,250,901.50** |

---

[7] Pursuant to Rule 2016-2 of the Local Bankruptcy Rules for the District of Delaware, travel time during which no work is performed is billed at one-half of the regular hourly rates.

## **FINAL EXPENSE SUMMARY**

| Expenses Category | Total Expenses ($) |
|---|---:|
| Photocopies | 4,609.40 |
| Lexis Research | 17,107.22 |
| Westlaw Research | 11,583.10 |
| Overtime Meals | 1,657.96 |
| Overtime Taxis | 935.10 |
| Postage & Courier | 2.38 |
| Conference Calls & Court Call | 809.58 |
| Travel & Incidental | 10,489.03 |
| Travel Meals | 177.25 |
| Radio Taxis | 543.60 |
| Court Reporting & Transcripts | 3,688.62 |
| Conference Room Dining | 48.45 |
| Velobinding | 3.00 |
| **Total** | **51,654.69** |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------x
:
**In re:**                                                     :   **Chapter 11**
:
**Nuverra Environmental Solutions, Inc., *et al.*,**[1]        :   **Case No. 17–10949 (KJC)**
:
           **Debtors.**                                        :   **(Jointly Administered)**
:   RE: Docket Nos. 72, 92, 132
:   Objection Deadline: October 24, 2017 at 4:00 p.m. (ET)
:   Hearing Date: November 2, 2017 at 1:30 p.m. (ET)
---------------------------------------------------------------x

**FIRST AND FINAL APPLICATION OF SHEARMAN & STERLING LLP AS CO-COUNSEL FOR THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM MAY 1, 2017 THROUGH AND INCLUDING AUGUST 6, 2017**

Pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), Shearman & Sterling LLP ("**Shearman & Sterling**") hereby submits its first and final application (the "**Application**") for compensation for professional legal services rendered as co-counsel to Nuverra Environmental Solutions, Inc. and its above-captioned affiliated entities (collectively, the "**Debtors**" or "**Reorganized Debtors**," as the context

---

[1] The Debtors in these cases (including the last four digits of their respective taxpayer identification numbers) are: Nuverra Environmental Solutions, Inc. (7117), Appalachian Water Services, LLC (0729), Badlands Leasing, LLC (2638), Badlands Power Fuels, LLC (DE) (8703), Badlands Power Fuels, LLC (ND) (1810), Heckmann Water Resources Corporation (1194), Heckmann Water Resources (CVR), Inc. (1795), Heckmann Woods Cross, LLC (9761), HEK Water Solutions, LLC (8233), Ideal Oilfield Disposal, LLC (5796), Landtech Enterprises, L.L.C. (9022), NES Water Solutions, LLC (3421), Nuverra Total Solutions, LLC (6218), and 1960 Well Services, LLC (5084). The Debtors' corporate headquarters is located at 14624 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85254.

requires) in the amount of $2,250,901.50,[2] and for reimbursement of their actual and necessary expenses incurred in the amount of $51,654.69 for the first and final period of May 1, 2017 through and including August 6, 2017 (the "**Final Fee Period**"). In support of this Application, Shearman & Sterling respectfully represents as follows:

## BACKGROUND

1. On May 1, 2017 (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "**Court**"). On May 10, 2017, the Debtors filed the *Application for an Order Authorizing the Retention and Employment of Shearman & Sterling LLP as Co-counsel for the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 72] (the "**Retention Application**"). On May 22, 2017, the Debtors filed the first supplemental declaration of Fredric Sosnick in support of the Retention Application [Docket No. 92]. On June 2, 2017, the Court filed its Order authorizing the Retention Application [Docket No. 132] (the "**Retention Order**").

2. Pursuant to the Retention Order, Shearman & Sterling was retained under sections 327(a) and 328(a) of the Bankruptcy Code to represent the Debtors as co-counsel in connection with these chapter 11 cases, effective as of the Petition Date. The Retention Order provides that Shearman & Sterling shall be entitled to allowance of compensation and reimbursement of expenses upon the filing and approval of applications for the allowance of compensation and reimbursement of expenses pursuant to the Bankruptcy Code.

---

[2] The total fees for which approval is sought is net of voluntary write-offs, including the amounts billed by eight timekeepers, each of whom billed less than 10 hours, and two summer associates who worked 69.4 hours in the aggregate, on matters for the Debtors.

2

3. On July 19, 2017, the Court entered its *Findings of Fact, Conclusions of Law and Order Approving (I) the Adequacy of the Disclosure Statement; (II) Prepetition Solicitation Procedures; and (III) Confirmation of the Prepackaged Plan* [Docket No. 366] (the "**Confirmation Order**"), which, among other things, confirmed the *Debtors' Amended Prepackaged Plans of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 226] (the "**Plan**"). On August 7, 2017, the Plan became effective (the "**Effective Date**") and the Debtors filed the notice of the Effective Date [Docket No. 395]. This Application is made in accordance with the Plan, the Confirmation Order, and the Retention Order.

## COMPENSATION PREVIOUSLY PAID

4. Shearman & Sterling represented the Debtors prior to the Petition Date and was paid prepetition for those services. As described in the Retention Application, Shearman & Sterling received an advance retainer (the "**Retainer**") of $400,000. As further described in the Retention Application, at the time of the filing of the Retention Application, a final reconciliation of the Retainer remaining as of the Petition Date had not yet been completed. Since that time, a final reconciliation of pre-petition fees and expenses has been completed, and as of the date hereof, the balance of the Retainer is $286,727.82. Upon approval of the Application, Shearman & Sterling will apply said amount against the total balance owed to Shearman & Sterling, which, assuming the full fees and expenses sought herein are approved, would leave a balance of $2,015,828.37 due from the Debtors to Shearman & Sterling.

5. Shearman & Sterling has received no payment and no promises for payment from any source during the course of these chapter 11 cases for services rendered in connection with these chapter 11 cases. There are no agreements or understandings between Shearman & Sterling and any other persons (other than members of Shearman & Sterling) for the sharing of compensation to be received for the services rendered during these cases.

**SUMMARY OF SERVICES RENDERED**

6. By this Application, Shearman & Sterling seeks the final approval of $2,302,556.19 of fees and expenses, comprising the (i) allowance and award of compensation for the professional services rendered by Shearman & Sterling as attorneys during the Final Fee Period in the amount of $2,250,901.50, representing 2,539.5 hours of professional services and 69.5 hours of paraprofessional services; and (ii) reimbursement of actual and necessary expenses incurred by Shearman & Sterling during the Final Fee Period in connection with the rendition of such professional and paraprofessional services in the amount of $51,654.69.

7. The *Summary of First and Final Application of Shearman & Sterling LLP as Co-Counsel for the Debtors for Allowance of Compensation and Reimbursement of Expenses Incurred for the Period from May 1, 2017 Through and Including August 6, 2017* (the "**Summary of the First and Final Application**") filed contemporaneously herewith contains a summary of the amount of hours and total compensation sought for each individual timekeeper, as well as a breakdown of compensation sought for each of the 18 billing categories (the "**Fee Categories**") utilized by Shearman & Sterling. Attached hereto as **Exhibit A** is a detailed statement of the fees incurred by Shearman & Sterling professionals and paraprofessionals for the provision of legal services to the Debtors during the Final Fee Period, grouped by Fee Category, and further divided within each Fee Category on a month-by-month basis.

8. Shearman & Sterling has and will continue to perform additional necessary services subsequent to August 6, 2017 (including in connection with this Application), for which Shearman & Sterling will bill the Reorganized Debtors directly.

**DISBURSEMENTS**

9. The Summary of the First and Final Application contains a summary of the out-of-pocket disbursements paid by Shearman & Sterling, broken down into categories of charges, including: photocopies, Lexis research, Westlaw research, overtime meals, overtime taxis, postage and courier, conference calls and court call, travel and incidentals, travel meals, radio taxis, court reporting and transcripts, conference room dining and velobinding (together, the "**Expense Categories**").  Attached hereto as **Exhibit B** is a detailed statement of out-of-pocket disbursements, sorted on a month-by-month basis.

10. Costs incurred for the Expense Categories are not overhead expenses and are not included in Shearman & Sterling's normal hourly billing rates and, therefore, are itemized and included in Shearman & Sterling's disbursements.  Pursuant to Local Rule 2016-2, Shearman & Sterling represents that its charged rates in these cases (i) for duplication is $.10 per page for black and white copies and $.80 per page for color copies and (ii) for outgoing facsimile transmission charges is $.25 per page.  Additionally, there is no charge for incoming facsimile transmissions and there is no surcharge for computerized research.

**VALUATION OF SERVICES**

11. Professionals and paraprofessionals of Shearman & Sterling have expended a total of 2,609 hours in connection with the Debtors' chapter 11 cases during the Final Fee Period.  All services during the Final Fee Period for which compensation is requested by Shearman & Sterling were performed solely for or on behalf of the Debtors.

12. The detail of time spent by each of Shearman & Sterling's professionals and paraprofessionals in providing services to the Debtors during the Final Fee Period is fully set forth in **Exhibit A**.  The rates set forth therein are Shearman & Sterling's normal hourly rates of

compensation for work of this character. The reasonable value of the services rendered by Shearman & Sterling for the Final Fee Period as co-counsel for the Debtors in these cases is $2,250,901.50.

13. Shearman & Sterling believes that the time entries included in **Exhibit A** and the expense breakdown set forth in **Exhibit B** are in compliance with the requirements of Local Rule 2016-2. Additionally, in accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested in this Application is fair and reasonable given (i) the complexity of these chapter 11 cases, (ii) the time expended, (iii) the nature and extent of the services rendered, (iv) the value of such services, and (v) the costs of comparable services other than in a case under chapter 11 of the Bankruptcy Code.

## BUDGET AND STAFFING PLAN

14. Shearman & Sterling and the Debtors initially agreed to a budget covering the period of May 1, 2017 through August 29, 2017 (120 days) (the "**Budget**"), and a staffing plan (the "**Staffing Plan**") covering that same period. A copy of the Budget and Staffing Plan is attached hereto as **Exhibit C**.

15. Actual fees exceeded budgeted fees by $1,040,901.50, which is more than 10% of the budgeted fees, and the number of professionals and paraprofessionals billing fees was greater than the number of professionals and paraprofessionals identified in the Staffing Plan by seven timekeepers (four professionals and three paraprofessionals). The increase in fees and number of billing professionals and paraprofessionals as compared to the Budget and Staffing Plan is principally due to unanticipated, and extensive, motion practice, litigation and contested hearings, including a contested confirmation hearing. Indeed, four timekeepers (two professionals and two paraprofessionals) worked solely on matters related to the Hargreaves

Pleadings (as defined below) and discovery related thereto, none of which were contemplated by the Budget or Staffing Plan.

16. Notably, Shearman & Sterling professionals and paraprofessionals spent time and resources negotiating with, and addressing objections raised during these cases by, among others, the committee of unsecured creditors appointed in these cases (the "**Committee**"), and the trustee for the 9.875% unsecured senior notes due 2018 (the "**2018 Trustee**"). Shearman & Sterling also engaged in expeditious and voluminous discovery with the Committee regarding their objections and concerns. Ultimately, negotiations with the Committee and the 2018 Trustee resulted in the Plan Support Agreement, dated June 22, 2017, pursuant to which the Committee agreed to support confirmation of the Plan and cease and terminate discovery, and the Committee and 2018 Trustee agreed to withdraw certain objections and motions filed in these cases.

17. Shearman & Sterling professionals and paraprofessionals further spent significant time and resources in connection with the objection of unsecured bondholder David Hargreaves to confirmation of the Plan [Docket No. 290] (the "**Plan Objection**") and David Hargreaves' motion to extend time to cast a ballot opting out of certain Plan releases [Docket No. 291] (the "**Opt Out Motion**" and together with the Plan Objection, the "**Hargreaves Pleadings**"). The Hargreaves Pleadings required Shearman & Sterling to prepare for, defend, and take depositions and to prepare for and participate in two contested hearings, a contested hearing (in the case of the Opt Out Motion) and a contested confirmation hearing (due to the Plan Objection). After the Court confirmed the Plan and overruled the Plan Objection, the Debtors began litigating an appeal of the Confirmation Order bought by David Hargreaves and defended and objected to an emergency motion to stay the effectiveness of the Confirmation

7

Order, which was ultimately denied by the United States District Court for the District of Delaware.

19. 18. Shearman & Sterling provided monthly fee summaries to the Debtors to keep them informed of the "run rate" of fees and expenses throughout the cases. Shearman & Sterling also kept the Debtors informed about the matters that arose that had not previously been anticipated when Shearman & Sterling prepared the Budget and Staffing Plan. The Debtors have not indicated any concerns about the scope of work performed as compared to the Budget and Staffing Plan that have not otherwise previously been resolved.

**STATEMENT OF APPLICANT**

19. The following statements address the questions set forth under section C.5 of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases* (the "**UST Guidelines**"):

a) During the Final Fee Period, Shearman & Sterling did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees, or terms.

b) As described above, the fees sought by Shearman & Sterling in the Application are more than 10% higher than the fees budgeted for the Final Fee Period and the reasons for the variance were discussed with the Debtors.

c) The professionals and paraprofessionals included in the Application did not vary their hourly rate based on the geographic location of the Debtors' chapter 11 cases.

  d)  The Application does not include any fees dedicated to revising time records or preparing and revising invoices that would not normally be compensable outside of bankruptcy.

  e)  The Application does not include any fees for reviewing time records to redact any privileged or other confidential information.

  f)  Effective July 1, 2017, (i) Shearman & Sterling increased its hourly billing rates for certain levels of professionals and paraprofessionals and (ii) the individual rates of certain Shearman & Sterling professionals and paraprofessionals additionally increased on account of annual "step increases" historically awarded by Shearman & Sterling in the ordinary course to professionals and paraprofessionals throughout the firm due to advancing seniority and promotion.

## BLENDED RATE SCHEDULE

20. A blended rate schedule, as requested by *Appendix B* to the UST Guidelines, is attached hereto as **Exhibit D**.

## CONCLUSION

WHEREFORE, Shearman & Sterling requests that final allowance be made to it in the sum of $2,250,901.50 as compensation for necessary professional and paraprofessional services rendered to the Debtors for the Final Fee Period, and the sum of $51,654.69 for reimbursement of actual necessary costs and expenses incurred for the Final Fee Period, and further requests such other and further relief as the Court may deem just and proper.

Dated: September 15, 2017
      New York, New York

                                                                  SHEARMAN & STERLING LLP

                                                                  */s/ Fredric Sosnick*
                                                                  Fredric Sosnick
                                                                  Sara Coelho
                                                                  Stephen M. Blank
                                                                 599 Lexington Avenue
                                                                New York, New York  10022
                                                                Telephone:   (212) 848-4000
                                                                Facsimile:   (646) 848-8174

                                                                Counsel to the Debtors

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

-----------------------------------------------------------------x
:
**In re:** : Chapter 11
:
**Nuverra Environmental Solutions, Inc., *et al.*,**[1] : Case No. 17–10949 (KJC)
:
**Debtors.** : **(Jointly Administered)**
:
:
-----------------------------------------------------------------x

## VERIFICATION OF FREDRIC SOSNICK

I, Fredric Sosnick, Esquire, hereby declare the following under penalty of perjury:

1.  I am a partner in the applicant firm, Shearman & Sterling LLP ("**Shearman & Sterling**"), and have been admitted to the bar of New York since 1992.

2.  I have personally performed many of the legal services rendered by Shearman & Sterling as co-counsel for Nuverra Environmental Solutions, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") and I am thoroughly familiar with all other work performed on behalf of the Debtors by Shearman & Sterling's professionals and paraprofessionals.

3.  The facts set forth in the foregoing first and final application for compensation for professional legal services rendered as co-counsel to the Debtors are true and correct to the best of my knowledge, information and belief.

---

[1] The Debtors in these cases (including the last four digits of their respective taxpayer identification numbers) are: Nuverra Environmental Solutions, Inc. (7117), Appalachian Water Services, LLC (0729), Badlands Leasing, LLC (2638), Badlands Power Fuels, LLC (DE) (8703), Badlands Power Fuels, LLC (ND) (1810), Heckmann Water Resources Corporation (1194), Heckmann Water Resources (CVR), Inc. (1795), Heckmann Woods Cross, LLC (9761), HEK Water Solutions, LLC (8233), Ideal Oilfield Disposal, LLC (5796), Landtech Enterprises, L.L.C. (9022), NES Water Solutions, LLC (3421), Nuverra Total Solutions, LLC (6218), and 1960 Well Services, LLC (5084). The Debtors' corporate headquarters is located at 14624 N. Scottsdale Rd., Suite 300, Scottsdale, Arizona 85254.

2

4. I hereby certify under 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: September 15, 2017

*/s/ Fredric Sosnick*

Fredric Sosnick
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York  10022
Telephone:   (212) 848-4000
Facsimile:   (646) 848-8174